**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-4329**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ORLANDO EUCEDA VALLE,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  Frank W. Bullock, Jr.,
District Judge. (CR-03-354)

———————————

Submitted:  August 10, 2005          Decided:  August 30, 2005

———————————

Before NIEMEYER, WILLIAMS, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro,
North Carolina, for Appellant.  Anna Mills Wagoner, United States
Attorney, Paul A. Weinman, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Orlando Euceda Valle was indicted on September 29, 2003, in a seven-count indictment charging drug, firearm, and counterfeiting offenses. He pled guilty, pursuant to a plea agreement, to three counts of the indictment: Count One, dealing in $2800 in counterfeit bills, in violation of 18 U.S.C.A. § 473 (West Supp. 2005); Count Four, distribution of eighty-three grams of cocaine hydrochloride, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(C) (West 1999 & Supp. 2005); and Count Seven, carrying a firearm while possessing with intent to distribute 300 grams of cocaine hydrochloride, in violation of 18 U.S.C. § 924(c)(1)(A) (2000).

In the presentence report, the probation officer calculated a base offense level of twenty-four pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(c)(8) (2003). A three-level adjustment for acceptance of responsibility, under USSG § 3E1.1, resulted in a total offense level of twenty-one. The probation officer found a total of twelve criminal history points, yielding a criminal history category of V. The resulting sentencing range was seventy to eighty-seven months. USSG Ch. 5, Pt. A (Sentencing Table). Count Seven had a mandatory minimum consecutive sentence of five years. 18 U.S.C. § 924(c)(1)(A)(i); USSG § 2K2.4(a). No objections were made concerning the sentence computation.

The district court sentenced Valle to seventy months on Count One, with a concurrent sentence of seventy months on Count Four, and a consecutive sixty month sentence on Count Seven. He imposed concurrent three-year periods of supervised release on each count. The district court directed that Valle be released to an immigration detainer at the completion of the custodial sentence. Valle appeals.

Citing <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), Valle asserts that his sentence is unconstitutional because it was based on a fact, i.e., drug quantity, not alleged in the indictment, found by a jury beyond a reasonable doubt, or admitted by defendant. Valle did not raise the issue in the district court. Consequently, the claim is reviewed for plain error. Fed. R. Crim. P. 52(b); <u>United States v. Hughes</u>, 401 F.3d 540, 547 (4th Cir. 2005).

To meet the plain error standard: (1) there must be an error; (2) the error must be plain; and (3) the error must affect substantial rights. <u>United States v. Olano</u>, 507 U.S. 725, 732-34 (1993). If the three elements of the plain error standard are met, we may exercise our discretion to notice error only "when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."

Hughes, 401 F.3d at 555 (internal quotation marks and citation omitted).

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. Id. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2005) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2005) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory. Hughes, 401 F.3d at 546 (citing Booker, 125 S. Ct. at 756-67 (Breyer, J., opinion of the Court)).

After Booker, courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. If a sentence outside the guideline range is imposed, the district court must state its reasons for doing so. Hughes, 401 F.3d at 546. This remedial scheme applies to any sentence imposed under the mandatory guidelines, regardless of whether the sentence violates the Sixth Amendment. Id. at 547 (citing Booker, 125 S. Ct. at 769 (Breyer,

J., opinion of the Court)). However, as Valle raised no claim based on the mandatory nature of the guidelines, this issue is not before us.

Valle claims that the district court violated the constitution at sentencing by attributing to him a drug quantity greater than that charged in Count Four of the indictment. While Count Four charged Valle with possession of eighty-three grams, the total amount referred to in all seven counts, and considered by the probation officer and district court as relevant conduct, was 434 grams.

However, we find that no Sixth Amendment violation occurred here. "To establish that a Sixth Amendment error occurred in his sentencing, [the defendant] must show that the district court imposed a sentence exceeding the maximum allowed based only on the facts that he admitted." United States v. Evans, __ F.3d __, __, 2005 WL 1705531, at *1 (4th Cir. July 22, 2005). In pleading guilty Valle clearly admitted that he distributed eighty-three grams of cocaine on one occasion and that he possessed with intent to distribute 300 grams on another occasion while carrying a firearm. Therefore, the 300 grams cited in Count Seven, the firearms count, can properly be considered as relevant conduct in computing the guideline range. USSG § 1B1.3, comment. (n.2). Doing so results in a base offense level of twenty-two, USSG § 2D1.1(c)(9), with a sentencing range of seventy-seven to ninety-

six months.[*] The seventy-month sentence Valle actually received is lower than this applicable guideline range. As the district court's sentence can be reached only on considering facts admitted by Valle, he has suffered no Sixth Amendment violation and this claim lacks merit. See Blakely v. Washington, 542 U.S. 296, __, 124 S. Ct. 2531, 2537 (2004) ("[T]he statutory maximum . . . is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.")

Valle also asserts that his criminal history category is unconstitutional in that it increases his punishment based on uncharged facts not found by a jury or admitted by him. He argues that the criminal history computation generally is based on more than the mere fact of prior convictions, as only certain types of convictions are countable, and facts such as sentence length, time frame, and relatedness must be determined under certain guidelines provisions. Again, this alleged error was not preserved before the district court, and we review for plain error. Olano, 507 U.S. at 731-32.

In Almendarez-Torres v. United States, 523 U.S. 224 (1996), the Supreme Court held that the government need not allege

---

[*]As in Evans, for purposes of determining whether a Sixth Amendment violation occurred, the sentence imposed on Valle is compared against the guideline range that was properly determined before that range was adjusted to account for the three-point reduction in offense level Valle received for acceptance of responsibility.

in its indictment or prove beyond reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence. In Apprendi v. New Jersey, 530 U.S. 466, 490 (2005), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi did not overrule Almendarez-Torres, and the Court recently reaffirmed its holding in Apprendi. See Booker, 125 S. Ct. at 756. Therefore, we conclude that the district court did not err in considering Valle's prior convictions to calculate his criminal history.

Because Valle has shown no Sixth Amendment error in the calculation of his criminal history points or his sentence, we affirm the conviction as well as the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED