**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 04-4318**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUANITA VALERIO, a/k/a Maria,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, District Judge. (CR-03-505)

───────────

Submitted: August 24, 2005      Decided: September 22, 2005

───────────

Before LUTTIG, MOTZ, and TRAXLER, Circuit Judges.

───────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

───────────

John C. Kiyonaga, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Kelli H. Ferry, Special Assistant United States Attorney, Michael J. Elston, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Juanita Valerio appeals the 135-month sentence imposed after she pled guilty, without a written plea agreement, to conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000).  Citing Blakely v. Washington, 542 U.S. 296 (2004), Valerio asserts on appeal that her sentence violates the Sixth Amendment but does not challenge the validity of her conviction.  We affirm Valerio's conviction, vacate Valerio's sentence, and remand for resentencing.

Valerio contends that her sentence is unconstitutional in light of Blakely.[1]  Because Valerio did not raise this issue in the district court, we review for plain error.  See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).  To demonstrate plain error, Valerio must establish that error occurred, that it was plain, and that it affected her substantial rights.  Id. at 547-48. If a defendant satisfies these requirements, this court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the

---

[1]The Government asserts that Valerio waived the right to appeal her sentence in a plea agreement executed before her initial plea hearing.  Valerio, however, did not plead guilty pursuant to that agreement, and the agreement was never accepted by the district court.  Thus, the waiver of appellate rights provision does not preclude Valerio from appealing her sentence.  See Mabry v. Johnson, 467 U.S. 504, 507-08 (1984) ("A plea bargain standing alone is without constitutional significance; in itself it is a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest.").

defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 555 (internal quotation marks and citation omitted).

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court applied the rationale in Blakely to the federal sentencing guidelines and held that the mandatory manner in which the guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. Id. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by making the Guidelines advisory through the removal of two statutory provisions that had rendered them mandatory. Id. at 746 (Stevens, J., opinion of the Court); id. at 756-67 (Breyer, J., opinion of the Court).

Here, the district court sentenced Valerio under the mandatory federal sentencing guidelines and applied enhancements based on facts found by a preponderance of the evidence. Specifically, the court attributed to Valerio at least 3.5 kilograms but less than five kilograms of cocaine and established a base offense level of thirty. See U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(c)(5) (2003). The court also imposed a three-level enhancement based upon Valerio's managerial role in the conspiracy, see USSG § 3B1.1(b), a two-level enhancement for obstruction of justice, see USSG § 3C1.1, and a two-level downward

adjustment for acceptance of responsibility, see USSG § 3E1.1. These findings yielded a total offense level of thirty-three. With a criminal history category of I, the applicable guideline range was 135 to 168 months of imprisonment, and the court sentenced Valerio to the bottom of the guideline range.

Using only the amount of drugs charged in the indictment and without the enhancements for role in the offense and obstruction of justice, Valerio's offense level, for purposes of determining whether a Sixth Amendment violation occurred, would have been twenty-six. See USSG § 2D1.1(c)(7); United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005). The resulting guideline range would be sixty-three to seventy-eight months of imprisonment. USSG Ch. 5, Pt. A (Sentencing Table). In light of Booker and Hughes, we find that the district court plainly erred in sentencing Valerio and that the error warrants correction.[2]

Accordingly, we affirm Valerio's conviction, vacate Valerio's sentence, and remand for resentencing.[3] We dispense with

_____

[2]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Valerio's sentencing.

[3]Although the guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] [g]uidelines and take them into account when sentencing." 125 S. Ct. at 767 (Breyer, J., opinion of the Court). On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors

- 4 -

oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. Hughes, 401 F.3d at 546. If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 & Supp. 2005). Hughes, 401 F.3d at 546. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 547.