**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4005**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUANITA VALERIO,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, District Judge.  (CR-03-505)

Submitted:  October 31, 2006          Decided:  March 20, 2007

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John C. Kiyonaga, KIYONAGA & KIYONAGA, Alexandria, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Kelli H. Ferry, Assistant United States Attorney, Michael J. Frank, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juanita Valerio pled guilty, without a plea agreement, to conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000). The district court sentenced her in 2004 to a 135-month term of imprisonment. In light of United States v. Booker, 543 U.S. 220 (2005), we vacated her sentence and remanded for resentencing. United States v. Valerio, 149 F. App'x 187 (4th Cir. 2005) (No. 04-4318). On remand, the district court resentenced Valerio to 135 months in prison. She appeals her sentence on the ground that the district court did not adequately consider the factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and that the court gave excessive weight to the advisory sentencing guideline range. We affirm.

In a post-Booker sentencing, the district court must calculate the advisory guideline range and then consider whether that range "serves the factors set forth in § 3553(a) and, if not, select a sentence that does serve those factors." United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). This court reviews a post-Booker sentence "to determine whether the sentence is within the statutorily prescribed range and is reasonable." United States v. Moreland, 437 F.3d 424, 433 (4th Cir.) (internal quotation marks and citation omitted), cert. denied, 126 S. Ct. 2054 (2006). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United

States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006) (citations omitted). "[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks and citation omitted), petition for cert. filed, __ U.S.L.W. __ (U.S. July 21, 2006) (No. 06-5439).

In sentencing Valerio, the district court considered the arguments of counsel and rejected Valerio's claim that a sentence below the properly calculated advisory guideline range was warranted based upon her family circumstances, the procedural history of her case, the sentencing disparity between her sentence and the sentence her husband received, her immigration status, and her ineligibility for a prison drug program. Our review of the record convinces us that Valerio has failed to rebut the presumption of reasonableness accorded to sentences within the properly calculated advisory guideline range. Finally, although Valerio asserts that the district court gave the advisory sentencing guideline range excessive weight, we do not agree. The district court was not free to reject the Sentencing Commission's determination that certain drug amounts warrant a particular base offense level. See Johnson, 445 F.3d at 344-45 (refusing to disregard grouping provisions in sentencing guidelines); United States v. Eura, 440 F.3d 625, 634 (4th Cir. 2006) (finding district

court's rejection of 100:1 crack to powder cocaine ratio is unreasonable and "impermissibly usurps Congress's judgment about the proper sentencing policy for cocaine offenses") (internal quotation marks and citation omitted), <u>petition for cert. filed</u>, __ U.S.L.W. __ (U.S. June 20, 2006) (No. 05-11659).

Accordingly, we affirm Valerio's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>