**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4068

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONNIE BARRETT,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, Chief District Judge.  (CR-04-244)

Submitted:  August 31, 2005        Decided:  September 22, 2005

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Frank DeArmon Whitney, United States Attorney, Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ronnie Barrett appeals his 120-month sentence following his guilty plea to two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924 (2000). We affirm his conviction, vacate his sentence, and remand for resentencing.

On appeal, Barrett argues that his sentence violated the Sixth Amendment because it was enhanced based on judicial fact-finding, and that it was erroneous under United States v. Booker, 125 S. Ct. 738 (2005), because it was imposed under a mandatory Sentencing Guidelines regime. The Government agreed that Barrett's sentence was erroneously imposed under the Guidelines as mandatory and has moved to remand the case for resentencing.

Although we find no Sixth Amendment error in Barrett's sentence, see United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005), we find that plain error occurred in sentencing Barrett according to the Guidelines as mandatory.[1] See United States v. White, 405 F.3d 208, 215-25 (4th Cir. 2005). Accordingly, while we affirm Barrett's conviction, we grant the Government's motion,

---

[1]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "we of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Barrett's sentencing.

- 2 -

vacate Barrett's sentence and remand for resentencing in accordance with <u>Booker</u>.[2]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>

---

[2]Although the Sentencing Guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. <u>See</u> <u>Hughes</u>, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. <u>Id.</u> If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). <u>Id.</u> The sentence must be "within the statutorily prescribed range . . . and reasonable." <u>Id.</u> at 546-47.