**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4847

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DIGNA MENDOZA-ALBERTO,

Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  Frank W. Bullock, Jr.,
District Judge. (CR-04-128)

Submitted:  August 31, 2005      Decided:  September 29, 2005

Before LUTTIG, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher R. Clifton, GRACE, HOLTON, TISDALE & CLIFTON, P.A.,
Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner,
United States Attorney, Angela H. Miller, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Digna Mendoza-Alberto appeals from the 33-month sentence imposed after her conviction following her guilty plea to reentry of a deported alien felon, in violation of 8 U.S.C. § 1326(a) & (b)(2) (2000). On appeal, Mendoza-Alberto argues that her sentence is erroneous in light of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), because the district court increased her criminal history score based upon facts outside the indictment, plea agreement, and stipulated factual basis for the plea. Because we do not find any constitutional error in the computation of her sentence, we affirm the sentence.

Digna Mendoza-Alberto pled guilty pursuant to a written plea agreement to the count specified in the indictment: unlawful reentry by an alien after having been deported after conviction for an aggravated felony narcotics offense. The parties stipulated to the factual basis of the plea, which specified that the previous state narcotics conviction carried a 16-month sentence.

The presentence report (PSR) assessed a base offense level of 8, with an additional 8 levels because Mendoza-Alberto had been previously deported after conviction for an aggravated felony, as charged in the indictment and stipulated to in the factual basis. Her offense level was reduced by three for acceptance of responsibility under <u>U.S. Sentencing Guidelines Manual</u> § 3E1.1 (2003). She therefore had a total offense level of 13. Her

criminal history score was increased by a total of three points, including a 2 point increase for committing the offense while on escape from prison, USSG § 4A1.1(d), and a 1 point increase because the offense was committed less than two years after release from imprisonment, USSG § 4A1.1(e). The resulting criminal history category was V. The sentencing guidelines range was 30-37 months. See USSG Ch.5, Pt.A. At sentencing, Mendoza-Alberto raised specific objections to the eight-level enhancement for being an aggravated felon, and the three-level enhancement under § 4A1.1(d) & (e) based on Blakely v. Washington, 542 U.S. 296 (2004). The district court noted, but overruled the objections and declined to give an alternative sentence. Mendoza-Alberto received a 33-month sentence.

On appeal, Mendoza-Alberto argues that the increase in her criminal history score based upon her escape status and that she committed the offense within two years after release from imprisonment was made in violation of the Sixth Amendment, in accordance with United States v. Booker, 125 S. Ct. 738 (2005). Because Mendoza-Alberto preserved the issue for appeal, the claim is reviewed for harmless error. United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003).

The Supreme Court held in Booker, 125 S. Ct. at 746, 750, that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based

on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. This court recently held in United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005), that "[f]or purposes of determining whether the district court erred, we necessarily use [the] guideline range based on the facts admitted before adjusting that range for acceptance of responsibility."

We conclude there is no constitutional error in the calculation of Mendoza-Alberto's sentence. Without the 3-point increase under USSG § 4A1.1, Mendoza-Alberto's criminal history score would have been 8 resulting in a criminal history category of IV. The offense level without consideration of the acceptance of responsibility reduction, see Evans, 416 F.3d at 300, would have been 13. The resulting guidelines range would have been 27-33 months. USSG § Ch. 5, Pt.A. Because Mendoza-Alberto's sentence of 33 months is within the guideline range based on facts admitted before adjusting for acceptance of responsibility, there is no error and we affirm the sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED