**PUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ANTWONE DESHAWN EVANS,

*Defendant-Appellant.*

No. 04-4522

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-03-381)

Argued: May 27, 2005

Decided: July 22, 2005

Before NIEMEYER, WILLIAMS, and SHEDD, Circuit Judges.

Affirmed by published opinion. Judge Shedd wrote the opinion, in which Judge Niemeyer and Judge Williams joined.

## COUNSEL

**ARGUED:** William Stimson Trivette, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Kearns Davis, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee. **ON BRIEF:** Louis C. Allen, III, Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Greensboro, North Carolina, for Appellee.

**OPINION**

SHEDD, Circuit Judge:

After pleading guilty to being a felon in possession of a firearm, Antwone Deshawn Evans was sentenced to 96 months' imprisonment. Evans now claims that his sentence is unconstitutional based on the Supreme Court's recent decision in *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005). Finding no error, we affirm.

I.

Because Evans had two felony convictions for controlled substance offenses prior to committing the instant firearm offense, the district court set Evans' base offense level at 24. The district court increased Evans' offense level by two levels — to 26 — upon finding that the firearm Evans unlawfully possessed was stolen.[1] The district court then decreased Evans' offense level by three levels — to 23 — based on his acceptance of responsibility. Based on a criminal history category of VI and a total offense level of 23, the district court determined Evans' guideline range to be 92 to 115 months and sentenced him to 96 months' imprisonment.

II.

Evans argues that the district court improperly increased his total offense level by two levels by finding that the firearm he possessed was stolen.[2] He contends that the district court's imposition of this two-level enhancement violates his Sixth Amendment rights because

---

[1]The presentence report (PSR) stated that the firearm was stolen, and the district court adopted the facts set out in the PSR as its findings of fact. Evans did not object to the PSR. The government contends that Evans' failure to object to the PSR constitutes an admission by Evans of the facts in the PSR. Rather than deciding this issue, we assume for purposes of this appeal that Evans' failure to object does not constitute an admission of the facts in the PSR.

[2]Although Evans also argued in his appellate brief that the district court improperly calculated his base offense level and his criminal history category, Evans abandoned these arguments at oral argument.

it increased the maximum punishment that he would have otherwise received.

Because Evans failed to raise this issue in the district court, we review for plain error. *United States v. Harp*, 406 F.3d 242, 247 (4th Cir. 2005). To establish plain error, Evans must show that an error occurred, that the error was plain, and that the error affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993); *United States v. White*, 405 F.3d 208, 215 (4th Cir. 2005). To establish that a Sixth Amendment error occurred in his sentencing, Evans must show that the district court imposed a sentence exceeding the maximum allowed based only on the facts that he admitted. *See Booker*, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt"); *United States v. Hughes*, 401 F.3d 540, 546-47 (4th Cir. 2005).[3]

Assuming that Evans did not admit that the firearm he possessed was stolen, Evans' maximum total offense level would have been 24 instead of 26. Based on offense level 24 and criminal history category VI, Evans' guideline range would have been 100 to 125 months' imprisonment.[4] Because Evans' sentence of 96 months' imprisonment does

---

[3]This formulation of what constitutes a Sixth Amendment error is also consistent with Justice Stevens' statement in *Booker* that "judicial fact-finding to support an offense level determination or an enhancement is *only unconstitutional when that finding raises the sentence beyond the sentence that could have lawfully been imposed by reference to facts found by the jury or admitted by the defendant*." *Booker*, 125 S.Ct. at 775 (Stevens, J., dissenting from the remedy portion of the *Booker* decision).

[4]For purposes of determining whether the district court erred, we necessarily use Evans' guideline range based on the facts he admitted before adjusting that range for acceptance of responsibility. Acceptance of responsibility is not a fact that is alleged in an indictment or presented to the jury. Neither is it a fact that the defendant can admit. Instead, a district court may grant acceptance of responsibility only after making findings of fact based on several considerations — only one of which is whether the defendant admitted his guilt. *See* U.S. SENTENCING GUIDELINES

not exceed the maximum authorized by the facts he admitted, no Sixth Amendment error occurred.

## III.

Because Evans has failed to establish that the district court imposed a sentence that exceeded the maximum authorized by the facts that he admitted, we affirm his sentence.

*AFFIRMED*

---

MANUAL § 3E1.1, app. n. 1, 3 ("A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right."). We note, however, that Evans cannot establish that an error occurred in his sentencing even if we calculate his guideline range after giving him a three-level credit for acceptance of responsibility. A total offense level of 21 and a criminal history category of VI yields a guideline range of 77 to 96 months. Thus, even after giving him credit for acceptance of responsibility, Evans's sentence of 96 months does not exceed the maximum authorized by the facts he admitted.