**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 03-4797**

─────────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

MICHAEL ELLIS EVANS,

                              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., District Judge.  (CR-03-38)

─────────────

Submitted:  July 29, 2005          Decided:  August 16, 2005

─────────────

Before WILKINSON, WILLIAMS, and SHEDD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Hervery B. O. Young, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  J. Strom Thurmond, Jr., United States Attorney, E. Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael Ellis Evans pled guilty to bank robbery, 18 U.S.C. § 2113(a) (2000), and was sentenced to a term of forty-six months imprisonment. Evans appeals his sentence, contending first that the district court erred in making a sentence enhancement for a threat of death, U.S. Sentencing Guidelines Manual § 2B3.1(b)(2)(F) (2003), and, second, that his sentence violated the Sixth Amendment under Blakely v. Washington, 542 U.S. 296 (2004). For the reasons explained below, we affirm the sentence.

Evans robbed a Bank of America in Greenville, South Carolina, by giving the teller a note that read, "I have a gun. Don't make a sound, no die pack. Put the money on the counter. $100, $50, $20 packs. No alarm." Following Evans' guilty plea, the probation officer calculated a base offense level of 20, USSG § 2B3.1(a), adding a two-level enhancement for taking the property of a financial institution, USSG § 2B3.1(b)(1), and a two-level enhancement for a "threat of death." USSG § 2B3.1(b)(2)(F). With a three-level reduction for acceptance of responsibility, USSG § 3E1.1, Evans' final offense level was 21. He was in criminal history category II, which gave him a guideline range of 41-51 months. At sentencing, the district court overruled Evans' objection to the enhancement for a threat of death, and imposed a sentence of forty-six months imprisonment.

- 2 -

On appeal, we find first that the enhancement for a threat of death was not error. Because the facts are not in dispute, we review de novo the district court's legal determination that Evans' statement to the teller constituted a threat of death. United States v. Franks, 183 F.3d 335, 337 (4th Cir. 1999) (district court's legal interpretation of guideline terminology and application of guidelines to known set of facts are reviewed de novo).

A threat of death may be implied; the enhancement is intended "for cases in which the offender(s) engaged in conduct that would instill in a reasonable person, who is a victim of the offense, a fear of death." USSG § 2B3.1, comment. (n.6). Franks held that statements that indicated that the robber had a gun and was prepared to use it constituted a threat to shoot the teller if she did not follow his instructions, which in turn amounted to a threat of death. 183 F.3d at 338 (noting that the statement, "I have a gun. Give me all the money," was held to convey a threat of death in United States v. Figueroa, 105 F.3d 874, 880 (3d Cir. 1997)). In this case, Evans' statement, "I have a gun. Don't make a sound, no die packs. Put the money on the counter. $100, $50, $20 packs. No alarm," conveyed a similar threat to use the gun, i.e., shoot the teller if she did not comply with his demands. We conclude that the district court did not err in deciding that Evans made a threat of death within the meaning of § 2B3.1(b)(2)(F).

Evans also contends that the district court's finding that he made a threat of death violated the Sixth Amendment. Because Evans has raised the constitutional issue for the first time on appeal, our review is for plain error. <u>United States v. Olano</u>, 507 U.S. 725, 731-32 (1993); <u>United States v. White</u>, 405 F.3d 208, 215 (4th Cir. 2005). To establish that his sentence was imposed in violation of the Sixth Amendment, Evans must show that his sentence exceeded the maximum permitted based solely on the facts he admitted. <u>United States v. Booker</u>, 125 S. Ct. 738, 756 (2005); <u>United States v. Hughes</u>, 401 F.3d 540, 546-47 (4th Cir. 2005).

Evans admitted taking the property of a financial institution, a fact that was established by his guilty plea to the charge that he robbed a bank. Although he did not admit that his demand note constituted a threat of death, his sentence did not exceed the maximum the court could have imposed based only on facts he admitted, and may thus be affirmed. <u>United States v. Evans</u>, ___ F.3d ___, 2005 WL 1705531, at *1 (4th Cir. July 22, 2005). <u>Evans</u> held that whether Sixth Amendment error occurred is determined by considering what guideline range applies "based on the facts [the defendant] admitted before adjusting that range for acceptance of responsibility." <u>Id.</u> at *1 & n.4. In this case, without the two-level threat of death enhancement and before any reduction for acceptance of responsibility, Evans' offense level would have been

- 4 -

22 instead of 21, and his guideline range would have been 46-57 months instead of 41-51 months. Evans' 46-month sentence is within the guideline range that would have applied without the enhancement. Therefore, we conclude that no Sixth Amendment violation occurred.

Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED