**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4652

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENNETH R. DEBELLOTTE,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., District Judge. (CR-04-8)

Submitted: August 25, 2005          Decided: August 30, 2005

Before TRAXLER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas R. Ceraso, CERASO LAW OFFICES, Greensburg, Pennsylvania, for Appellant. Thomas E. Johnston, United States Attorney, Randolph J. Bernard, Robert H. McWilliams, Jr., Assistant United States Attorneys, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kenneth R. Debellotte appeals the twenty-one-month sentence imposed by the district court after Debellotte pled guilty to wire fraud, in violation of 18 U.S.C.A. § 1343 (West Supp. 2005). Debellotte contends that the district court erred by enhancing his sentence under U.S. Sentencing Guidelines Manual § 2B1.1(b)(8)(B) (2003). We affirm.

The district court applied a two-level enhancement under USSG § 2B1.1(b)(8)(B) on the ground that a substantial part of the fraud scheme was committed outside the United States. Debellotte argues that the enhancement was inappropriate under United States v. Booker, 125 S. Ct. 738 (2005). Excluding the two-level enhancement under § 2B1.1(b)(8)(B) and without considering the three-level downward adjustment for acceptance of responsibility, see United States v. Evans, ___ F.3d ___, ___, 2005 WL 1705531, at *1 & n.4 (4th Cir. July 22, 2005), Debellotte's offense level would have been 17. With a criminal history category of I, Debellotte's guideline range would have been twenty-four to thirty months. USSG Ch. 5, Pt. A (Sentencing Table). Because Debellotte's twenty-one month sentence is below this range, we find that no Sixth Amendment error occurred. Moreover, Debellotte's challenge to the applicability of the enhancement in determining his guideline range is without merit because the record makes clear that the enhancement was appropriate.

For these reasons, we affirm Debellotte's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED