**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 04-4506

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS JUNIOR BELL,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Louise W. Flanagan,
District Judge.  (CR-04-41)

---

Submitted: August 12, 2005        Decided:  September 14, 2005

---

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.   Frank D. Whitney, United States Attorney, Anne M.
Hayes, Christine Witcover Dean, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Thomas Junior Bell appeals the 120-month sentence imposed after he pleaded guilty pursuant to a plea agreement to an information charging one count of conspiracy to manufacture, distribute, and possess with intent to distribute more than five grams of methamphetamine or more than fifty grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846 (2000) (Count One), and one count of carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2000) (Count Two). Because we find no error in the determination of Bell's sentence, we affirm.

On appeal, Bell asserts that his sentence violates the Supreme Court's holding in Blakely v. Washington, 542 U.S. 296 (2004). He specifically asserts that the enhancement to his offense level on Count One that was based upon a substantial risk of harm to his daughter violated the Sixth Amendment because facts supporting that enhancement were not alleged in the information or admitted by him. The Government responds, asserting that there is no plain error in Bell's sentence because the district court imposed the mandatory minimum sentence required by statute for each count, and because the Government's downward departure motion was based only on USSG § 5K1.1, the court had no authority to depart below those statutory minimums.

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court applied the rationale of Blakely to the federal sentencing guidelines and held that the mandatory guidelines scheme that provided for sentence enhancements based on facts found by the court violated the Sixth Amendment. Booker, 125 S. Ct. at 746-48, 755-56 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review under the guidelines, thus making the guidelines advisory. Id. at 756-57 (Breyer, J., opinion of the Court).

Subsequently, in United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005), we held that a sentence that was imposed under the pre-Booker mandatory sentencing scheme and was enhanced based on facts found by the court, not by a jury (or, in a guilty plea case, admitted by the defendant), constitutes plain error. That error affects the defendant's substantial rights and warrants reversal under Booker when the record does not disclose what discretionary sentence the district court would have imposed under an advisory guideline scheme. Hughes, 401 F.3d at 546-56. Sentencing courts were directed to calculate the appropriate guideline range, consider that range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. If the district

court imposes a sentence outside the guideline range, the court should state its reasons for doing so. Id. at 546.

Because Bell did not object to the sentencing range of 108 to 135 months of imprisonment on Count One set forth in the presentence report (PSR) and adopted by the district court, we review the district court's guideline calculation for plain error. United States v. Olano, 507 U.S. 725, 732 (1993); Hughes, 401 F.3d at 547. Under the plain error standard, Bell must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Olano, 507 U.S. at 732-34. Even when these conditions are satisfied, we may exercise our discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted).

In determining the sentencing range for Count One under the Sentencing Guidelines,[*] the probation officer enhanced the base offense level by six levels pursuant to USSG § 2D1.1(b)(5)(C), based upon the fact that the offense involved the manufacture of methamphetamine and created a substantial risk of harm to the life of a minor -- Bell's one-year-old daughter who resided in the house where Bell manufactured methamphetamine. After a three-level reduction for acceptance of responsibility, Bell's total offense level was twenty-nine. This offense level and Bell's criminal

---

[*]U.S. Sentencing Guidelines Manual (2003) ("USSG").

history category of III resulted in a sentencing range of 108 to 135 months of imprisonment on Count One.

Prior to sentencing, the Government moved for a downward departure pursuant to USSG § 5K1.1 based upon Bell's substantial assistance. The district court granted the Government's departure motion, adopted the findings of the PSR, and sentenced Bell to sixty months on each of Counts One and Two, to run consecutively, for a total sentence of 120 months of imprisonment.

Bell correctly asserts that the facts supporting the endangerment enhancement were not alleged in the information or admitted by him as part of his guilty plea. If this enhancement were removed, Bell's offense level would be twenty-six, and his Guideline range seventy-eight to ninety-seven months. United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005) ("For purposes of determining whether the district court erred, we necessarily use [the] guideline range based on the facts [appellant] admitted before adjusting that range for acceptance of responsibility."). Bell, however, benefitted from a downward departure and received the sixty-month statutory mandatory minimum sentence for the offense to which he pleaded guilty in Count One. Accordingly, we conclude that Bell's sentence does not violate the Sixth Amendment.

We therefore affirm Bell's conviction and sentence. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED