**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 04-4217

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PAMELA MICHELLE SCHOLES,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Lacy H. Thornburg, District Judge. (CR-02-65)

---

Submitted:  August 19, 2005          Decided:  September 19, 2005

---

Before MICHAEL, MOTZ, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Kyle W. King, Asheville, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Jerry W. Miller, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Pamela Michelle Scholes pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a) (2000). Scholes was sentenced to forty-six months in prison. She now appeals, arguing that her sentence violates the Sixth Amendment. We affirm.

Scholes' presentence report assigned a base offense level of 20. See U.S. Sentencing Guidelines Manual § 2B3.1(a)(2003). Two levels were added because property of a financial institutional was taken. See USSG § 2B3.1(b)(1). Five levels were added for possession of a firearm. See USSG § 2B3.1(b)(2)(E). Three levels were subtracted for acceptance of responsibility. See USSG § 3E1.1. With a total offense level of 24 and a criminal history category of III, Scholes' guideline range was 63-78 months.

At sentencing, the district court overruled Scholes' objection to the firearm enhancement, observing that the gun was in the getaway car that Scholes drove and that the car was stopped within minutes of the robbery. However, the court granted Scholes' motion for downward departure based upon her ill health. The court departed to offense level 20, criminal history category III, for a guideline range of 41-51 months. Scholes was sentenced to forty-six months in prison.

On appeal, Scholes contends that the firearm enhancement violates the Sixth Amendment under Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000). We

discern no such error, however. Absent the five-level increase for possession of the firearm, Scholes' maximum total offense level, based on the facts to which she admitted, would have been 22 (base offense level 20 plus 2-level increase for robbery of a financial institution). Offense level 22 and criminal history category III results in a guideline range of 51-63 months. Because Scholes' sentence of forty-six months does not exceed the maximum authorized by the facts she admitted, there was no Sixth Amendment violation. See United States v. Evans, 416 F.3d 298 (4th Cir. 2005).

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED