**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4423**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GARY WESLEY HURT,

Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. David A. Faber, Chief District Judge. (CR-03-290)

---

Submitted: August 3, 2005        Decided: September 19, 2005

---

Before WILKINSON, MOTZ, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, John L. File, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Gary Wesley Hurt appeals his concurrent seventy-eight month sentences, followed by a four-year term of supervised release, resulting from his convictions for distribution of cocaine base and distribution of five or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) (2000). For the reasons discussed below, we affirm Hurt's sentences.

Hurt, who pled guilty, does not challenge his convictions on appeal. Hurt contends in regard to his sentencing that the district court committed Sixth Amendment error under Blakely v. Washington, 542 U.S. 296 (2004), by (1) enhancing his sentence based on facts not found by a jury or admitted by him; and (2) imposing a term of supervised release. After Hurt filed his appellate brief, the Supreme Court issued United States v. Booker, 125 S. Ct. 738 (2005). We review issues raised for the first time on appeal for plain error. See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).

In Hughes, we held that when a sentence calculated under the Sentencing Guidelines exceeds the maximum sentence authorized by facts found by the jury alone or admitted by the defendant, the defendant could demonstrate plain error that warranted resentencing under Booker. We find the district court did not commit plain error in sentencing Hurt because the seventy-eight month term of imprisonment is not greater than that authorized by facts admitted

by him.  Hurt admitted to conduct involving 17.1 grams of crack cocaine.  Based on this quantity of drugs, Hurt's base offense level would have been 26.  See USSG § 2D1.1(c)(7).  Coupled with Hurt's criminal history category of II, the sentencing range authorized by the facts to which Hurt admitted was 70-87 months in prison.  The sentence actually imposed on Hurt fell squarely within this range.  Accordingly, Hurt's Sixth Amendment rights were not infringed.  As in United States v. Evans, 416 F.3d 298 (4th Cir. 2005), in reaching this conclusion, the district court's adjustment of Hurt's offense level to account for acceptance of responsibility is not factored into the determination of whether a Sixth Amendment violation occurred.  We also reject Hurt's argument that the district court did not have authority to impose a term of supervised release.  Booker did not invalidate 18 U.S.C. § 3583 (2000), which authorizes imposition of a term of supervised release.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -