**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4789

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CESAR JACOBO-MENDOZA, a/k/a Cesar Jacobo,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-04-74)

Submitted:  September 9, 2005       Decided:  September 26, 2005

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Clifton T. Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following a jury trial, Cesar Jacobo-Mendoza was convicted of one count of conspiracy to possess with intent to distribute in excess of five kilograms of a mixture and substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (2000); and one count of possession with intent to distribute approximately 10.683 kilograms of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) (2000). Jacobo-Mendoza appeals both his conviction and his resulting 151-month sentence. We affirm.

Jacobo-Mendoza first challenges the sufficiency of the evidence resulting in his conviction. A defendant challenging the sufficiency of the evidence "bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (citation omitted). To determine if there was sufficient evidence to support a conviction, this court considers whether, taking the evidence in the light most favorable to the Government, substantial evidence supports the jury's verdict. Glasser v. United States, 315 U.S. 60, 80 (1942) (citation omitted); United States v. Wills, 346 F.3d 476, 495 (4th Cir. 2003) (citation omitted). The court reviews both direct and circumstantial evidence and permits "the [G]overnment the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982) (citations omitted).

- 2 -

Witness credibility is within the sole province of the jury, and the court will not reassess the credibility of testimony. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989) (citations omitted). Here, there was ample evidence on which to convict Jacobo-Mendoza. Based on the physical evidence seized at the scene, what the officers saw, and the facts in the case that were not disputed, a reasonable jury could conclude that the evidence was sufficient to support Jacobo-Mendoza's conviction.

Jacobo-Mendoza next argues that the district court violated his Sixth Amendment rights by enhancing his sentence for "obstruction of justice" pursuant to the U.S. Sentencing Guidelines Manual § 3C1.1 (2003), on facts not alleged in the indictment, not admitted by Jacobo-Mendoza, and not found by a jury beyond a reasonable doubt, in violation of United States v. Booker, 125 S. Ct. 738 (2005). As Jacobo-Mendoza properly raised this issue in the district court by objecting to his sentence factually and based on Blakely v. Washington, 542 U.S. 296 (2004), we review de novo. See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003) ("If a defendant has made a timely and sufficient Apprendi sentencing objection in the trial court, and so preserved his objection, we review de novo.") (citation omitted). When a defendant preserves a Sixth Amendment error, this court "must reverse unless [it] find[s] this constitutional error harmless beyond a reasonable doubt, with the Government bearing the burden

of proving harmlessness."  Id. (citations omitted); see United States v. White, 405 F.3d 208, 223 (4th Cir. 2005) (discussing difference in burden of proving that error affected substantial rights under harmless error standard in Fed. R. App. P. 52(a) and plain error standard in Fed. R. App. P. 52(b)).

The presentence report calculated Jacobo-Mendoza's guideline range to be 151 to 188 months in prison.  This finding was based on an offense level of thirty-two (based on a drug amount of between five and fifteen kilograms of cocaine hydrochloride), plus a two-level increase for obstruction of justice pursuant to the U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1 (2003), resulting in a total offense level of thirty-four, combined with a criminal history category of I.  The district court rejected Jacobo-Mendoza's objection to the obstruction of justice enhancement, adopted the presentence report, and imposed two concurrent sentences of 151 months' imprisonment.  Without consideration of the challenged obstruction of justice enhancement, Jacobo-Mendoza would have had an offense level of thirty-two. Coupled with a criminal history level of I, this would have resulted in a guideline range of 121 to 151 months.  See USSG Sentencing Table.  Thus, even conceding that the obstruction of justice enhancement was impermissible, no Sixth Amendment violation occurred because the actual sentence imposed upon Jacobo-Mendoza, 151 months, does not exceed the maximum unenhanced guideline range.

See <u>United States v. Evans</u>, 416 F.3d 298, 300-01, (4th Cir. 2005) (holding that if sentence does not exceed maximum authorized by facts admitted by defendant or found by jury, there is no Sixth Amendment violation).

Accordingly, we affirm Jacobo-Mendoza's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>