**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-5024**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARK WILLIAM KING,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (CR-04-83)

Submitted: September 16, 2005      Decided: October 18, 2005

Before WILLIAMS, MICHAEL, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

W. Michael Frazier, FRAZIER & OXLEY, L.C., Huntington, West Virginia, for Appellant. Kasey Warner, United States Attorney, Stephanie L. Haines, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mark William King appeals his conviction and 108-month sentence imposed following a guilty plea to conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846 (2000). The district court found that King was responsible for not less than five and not more than twenty grams of cocaine base, assigning him a base offense level of twenty-six. The court then found that King possessed a weapon, and added two levels. The court added two additional levels for playing a leadership role. Finally, the court applied a three-level adjustment for acceptance of responsibility, giving King an adjusted offense level of twenty-seven. Coupled with a Criminal History Category IV, King's applicable guidelines range was 100-125 months. Taking into account King's considerable drug addiction, the court sentenced him to 108 months' imprisonment. King now appeals.

On appeal, King contends that in light of the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), the district court erroneously enhanced his sentence based upon facts not found by the jury, in violation of his Sixth Amendment rights. Because King preserved this issue by objecting to the PSR based upon Blakely v. Washington, 542 U.S. 296 (2004), this court's review is de novo. See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003) ("If a defendant has made a timely and sufficient

Apprendi[1] sentencing objection in the trial court, and so preserved his objection, we review de novo."). When a defendant preserves a Sixth Amendment error, this court "must reverse unless [it] find[s] this constitutional error harmless beyond a reasonable doubt, with the Government bearing the burden of proving harmlessness." Id. (citations omitted); see United States v. White, 405 F.3d 208, 223 (4th Cir. 2005) (discussing difference in burden of proving that error affected substantial rights under harmless error standard in Fed. R. App. P. 52(a), and plain error standard in Fed. R. App. P. 52(b)).

In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. Id. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2005) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2005) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory. Booker, 125 S. Ct. at 756-67 (Breyer, J., opinion of the Court).

---

[1]Apprendi v. New Jersey, 530 U.S. 466 (2000).

- 3 -

After Booker, courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. If a court imposes a sentence outside the guideline range, the district court must state its reasons for doing so. Hughes, 401 F.3d at 546. This remedial scheme applies to any sentence imposed under the mandatory guidelines, regardless of whether the sentence violates the Sixth Amendment. Id. at 547 (citing Booker, 125 S. Ct. at 769 (Breyer, J., opinion of the Court)).

After careful review of the record, we conclude that King suffered no Sixth Amendment violation. First, we conclude that King admitted the facts underlying the amount of cocaine base attributable to him, and his two-level leadership role enhancement as part of his guilty plea. Accordingly, because these facts were admitted, the district court's finding of a base offense level of twenty-six and application of the two-level enhancement for a leadership role does not constitute error.

Second, even assuming that the application of a two-level enhancement for use of a firearm was based upon facts found by the judge and not admitted to by King, the application of this enhancement did not violate King's Sixth Amendment rights. Without the firearm enhancement, King's offense level would be reduced to twenty-eight before considering the three-level reduction he

received for acceptance of responsibility, making his applicable sentencing range 110-137 months.  See United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005) (noting that, in determining whether Sixth Amendment error occurred, the sentence imposed must be compared to the permissible guideline range before adjusting for acceptance of responsibility).  Because the district court imposed a 108-month sentence, we find no Sixth Amendment violation.[2] Accordingly, we affirm King's conviction and sentence.  We deny both the Government's motion to withdraw its brief and the parties' joint motion to remand this appeal for resentencing.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2]As we find no constitutional violation in this case, we reject King's assertion that his sentencing under an unconstitutional statute violated the rule of lenity.  See generally United States v. Lanier, 520 U.S. 259 (1997) (discussing doctrine).