**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-4699**

———————————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

CHANC DEON SNIPES,

                                        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  Frank W. Bullock, Jr.,
District Judge. (CR-04-39)

———————————

Submitted:  August 12, 2005        Decided:  November 29, 2005

———————————

Before LUTTIG, MICHAEL, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Louis C. Allen, III, Federal Public Defender, William S. Trivette,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.  Anna Mills Wagoner, United States Attorney, Michael A.
DeFranco, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Chanc Deon Snipes appeals the 72-month sentence he received after he pled guilty to one count for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2000). We affirm Snipes' sentence.

Snipes maintains that under Blakely v. Washington, 542 U.S. 296 (2004), the district court violated his Sixth Amendment rights by enhancing his offense level based on facts that were neither charged in the indictment nor proven beyond a reasonable doubt.[1] Specifically, Snipes claims that his rights under the Sixth Amendment were violated when the district court determined his base offense level, under U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2003), by considering a prior conviction for which he was not indicted.[2] Because Snipes preserved this issue by objecting to the presentence report and at his sentencing hearing based upon Blakely, this court's review is de novo. See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003).

---

[1] Based on this court's decision in United States v. Hammoud, 378 F.3d 426 (4th Cir.) (order), opinion issued by 381 F.3d 316 (4th Cir. 2004) (en banc), vacated, 125 S. Ct. 1051 (2005), the Government asserted that Blakely did not apply to the federal sentencing guidelines.

[2] Snipes' controlled substance offense for felony possession with intent to manufacture, sell and deliver cocaine was part of the indictment. However, Snipes' crime of violence for felony indecent liberties with a minor was not in the indictment.

The Supreme Court held in United States v. Booker, 125 S. Ct. 738, 746, 750 (2005), that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. In Almendarez-Torres v. United States, 523 U.S. 224, 233-35 (1998), the Supreme Court held that the government need not allege in its indictment and need not prove beyond reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence.

We find no Sixth Amendment error occurred. Had the district court only considered Snipes' prior conviction for a controlled substance offense, which was not a fact outside the indictment, then Snipes' base offense level would have been twenty, under USSG § 2K2.1(a)(4)(A) (a base offense level of twenty applies if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction for either a crime of violence or a controlled substance offense"), instead of twenty-four. Therefore, Snipes' maximum total offense level would have been twenty rather than twenty-one.[3] Based on offense level twenty

_____

[3]As in United States v. Evans, 416 F.3d 298 (4th Cir. 2005), for purposes of determining whether a Sixth Amendment violation occurred, the sentence imposed on Snipes is compared against the guideline range that was properly determined (thus not considering the challenged base offense level of twenty-four, under USSG § 2K2.1(a)(2)) before that range was adjusted to account for the three-point reduction in offense level Snipes received for

and Snipes' criminal history category of V, Snipes' sentencing range would have been sixty-three to seventy-eight months. Snipes' actual sentence of seventy-two months fell squarely within that range. Because Snipes' sentence did not exceed the maximum authorized by the facts of the offense to which he pled guilty, there was no Sixth Amendment violation in his sentencing.

Regarding his criminal history points for prior convictions, Snipes argues that the factual findings required to determine whether particular convictions are countable and how many points are assessed involve more than the mere fact of a prior conviction and therefore are subject to the requirements of Blakely. However, the application of the prior conviction exception to Snipes does not raise any of the problems outlined in Shepard v. United States, 125 S. Ct. 1254, 1262-63 (2005), because no facts related to Snipes' prior convictions were disputed. Therefore, the district court's assessment of seven criminal history points based on Snipes' prior convictions did not violate the Sixth Amendment.

Turning to the two criminal history points assessed because Snipes committed the instant offense while on unsupervised probation and the one point for committing the instant offense less than two years after release from imprisonment on a sentence counted under USSG § 4A1.1(a) or (b), we conclude that the district

acceptance of responsibility.

court did not err in assessing these points because they do not require evaluation of the type of facts found outside the indictment that are "too far removed from the conclusive significance of a prior judicial record." <u>United States v. Washington</u>, 404 F.3d 834, 842 (4th Cir. 2005).

Accordingly, we affirm Snipes' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>