**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4979**

———————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

       versus

TONY ANTHONY HEARNE,

                              Defendant - Appellant.

———————

On Remand from the United States Supreme Court.
(S. Ct. No. 04-7741)

———————

Submitted:  October 26, 2005        Decided:  December 7, 2005

———————

Before WIDENER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Louis C. Allen, III, Federal Public Defender, Eric D. Placke,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.  Anna Mills Wagoner, United States Attorney, Angela H.
Miller, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Tony Anthony Hearne pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000) (Count One), and possession of counterfeit reserve notes, 18 U.S.C.A. § 472 (West Supp. 2005) (Count Three). The district court departed upward from the applicable guideline range and imposed a sentence of 205 months imprisonment for Count Three and a concurrent 120-month sentence (the statutory maximum) for Count One. We affirmed the sentence and subsequently denied rehearing. United States v. Hearne, No. 03-4979 (4th Cir. June 29, 2004) (unpublished). The Supreme Court later granted Hearne's petition for certiorari, vacated this court's judgment in light of United States v. Booker, 125 S. Ct. 738 (2005), and remanded the case for further proceedings. Hearne has since filed pro se motions requesting a remand for resentencing, appointment of new counsel, and leave to file a pro se supplemental brief.

Hearne's sentence was imposed before the decisions in Booker and its predecessor, Blakely v. Washington, 542 U.S. 296 (2004), and he did not raise objections to his sentence based on the mandatory nature of the sentencing guidelines or the district court's application of sentencing enhancements based on facts not admitted by him or found by the jury beyond a reasonable doubt. Therefore, we review his sentence for plain error. United States v. Hughes, 401 F.3d 540, 546-60 (4th Cir. 2005).

- 2 -

Over Hearne's objection, the district court applied an enhanced base offense level of 26, U.S. Sentencing Guidelines Manual § 2K2.1(a)(1) (2003), based on the court's determination that he possessed two firearms in addition to the Ruger revolver charged in the indictment. The court also applied a two-level enhancement for possession of three firearms. Based only on the facts Hearne admitted, and before adjustment for acceptance of responsibility, USSG § 3E1.1, see United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005), his offense level would have been 28. Because he was in criminal history category VI, his guideline range would have been 140-175 months. The 205-month sentence imposed by the district court therefore exceeded the maximum authorized based on the facts Hearne admitted. The sentence thus meets the standard for plain error that must be recognized set out in Hughes.[*]

Accordingly, we vacate the sentence imposed by the district court and remand for resentencing. We grant Hearne's pro se motions for remand and to file a pro se supplemental brief, but deny his motion for new counsel. We note that we previously concluded that the district court did not clearly err in finding that Hearne possessed a MAC-10 or similar semiautomatic weapon, and

_____

[*]Just as we noted in Hughes, "[w]e of course offer no criticism of the district court judge, who followed the law and procedure in effect at the time" of Hearne's sentencing. Hughes, 401 F.3d at 545 n.4. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

- 3 -

our conclusion is not affected by <u>Booker</u>.  However, our prior decision that the court's one-level upward departure was warranted should not restrict the district court in determining the appropriate sentence on remand.

Although the sentencing guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination.  <u>Hughes</u>, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence.  <u>Id.</u>  If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2).  <u>Id.</u>  The sentence must be "within the statutorily prescribed range and . . . reasonable."  <u>Id.</u>  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>