<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-5128**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMARRIO DOBBS, a/k/a Sleepy,

Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. David A. Faber, Chief District Judge. (CR-04-47)

---

Submitted: November 9, 2005          Decided: January 17, 2006

---

Before WILKINSON, NIEMEYER, and LUTTIG, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Andrew J. Katz, THE KATZ WORKING FAMILIES LAW FIRM, LC, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, John J. Frail, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jamarrio Dobbs pled guilty to a one count indictment charging possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000). Dobbs was sentenced to 188 months of imprisonment, followed by five years of supervised release. He appeals his sentence.

Dobbs argues on appeal that the district court erred under United States v. Booker, 125 S. Ct. 738 (2005), in setting his base offense level at 32 based on drug quantity pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(a)(3)(c)(2) (2004), and in enhancing his offense level based on facts not alleged in the indictment or admitted by Dobbs. Because Dobbs preserved these issues by objecting to the presentence report based upon Blakely v. Washington, 542 U.S. 296 (2004), our review is de novo. See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003) ("If a defendant has made a timely and sufficient Apprendi[*] sentencing objection in the trial court, and so preserved his objection, we review de novo."). When a defendant preserves a Sixth Amendment error, "we must reverse unless we find this constitutional error harmless beyond a reasonable doubt, with the Government bearing the burden of proving harmlessness." Id. (citations omitted); see United States v. White, 405 F.3d 208, 223 (4th Cir. 2005) (discussing difference in burden of proving that error affected

---

[*]Apprendi v. New Jersey, 530 U.S. 466 (2000).

substantial rights under harmless error standard in Fed. R. App. P. 52(a), and plain error standard in Fed. R. App. P. 52(b)).

In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 746, 750. The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. §§ 3553(b)(1), 3742(e) (West 2000 & Supp. 2004), thereby making the guidelines advisory. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).

Our review of the record leads us to conclude that Dobbs' base offense level was properly determined and is supported by the drug quantity alleged in the indictment to which he pled guilty. However, the imposition of the two-level enhancement of his offense level for possession of a dangerous weapon at the time of the offense, pursuant to USSG § 2D1.1(b)(1), and the two-level enhancement based on his role in the offense, pursuant to USSG § 3B1.1(c), was error under the Sixth Amendment as applied in Booker because the facts supporting these enhancements were not alleged in the indictment or admitted by Dobbs. We conclude, however, that ultimately there was no Sixth Amendment violation because, absent the enhancements, Dobbs' guideline range would have been 168 to 210 months of imprisonment, and his 188-month sentence was within that

guideline range.  See United States v. Evans, 416 F.3d 298, 300-01 (4th Cir. 2005).

Dobbs also argues that the district court erred in applying the federal sentencing guidelines as mandatory in violation of Booker.  Because Dobbs raises this claim for the first time on appeal, his claim is reviewed for plain error.  White, 405 F.3d at 215.  In White, we held the mandatory application of the guidelines is plain error; however, we also held prejudice from the error cannot be presumed.  Id. at 219.  Accordingly, Dobbs must show the district court's mandatory application of the sentencing guidelines was actually prejudicial and affected the outcome of the proceedings.  Id. at 223.  Under this standard, although the district court committed error in treating the guidelines as mandatory, see Hughes, 401 F.3d at 547-48, Dobbs is not entitled to relief.  We find the record contains no nonspeculative basis on which to conclude that the district court would have sentenced Dobbs to a lower sentence had the court proceeded under an advisory guideline scheme, and thus Dobbs has failed to demonstrate actual prejudice.

Accordingly, we affirm Dobbs' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -