**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4186

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LUTHER EL-THOMAS JONES,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A Beaty, Jr., District Judge. (CR-04-275)

Submitted: November 9, 2005          Decided: January 24, 2006

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Duane K. Bryant, LAW OFFICES OF DUANE K. BRYANT, High Point, North Carolina, for Appellant. Kearns Davis, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Luther El-Thomas Jones pled guilty to theft of firearms from a licensed firearms dealer, in violation of 18 U.S.C. § 922(u) (2000). He was sentenced to 13 months of imprisonment, followed by three years of supervised release. He appeals his sentence.

Jones first argues on appeal that the district court erred in applying a four-level enhancement to his base offense level because the number of firearms stolen was more than eight but less than twenty-four, pursuant to U.S. Sentencing Guidelines Manual (USSG) § 2K2.1(b)(1)(B) (2004), and a two-level enhancement based upon his role in the offense for using or attempting to use a person less than 18 years of age in the offense, USSG § 3B1.4.

Because Jones preserved these issues by objecting at sentencing based upon Blakely v. Washington, 542 U.S. 296 (2004), our review is de novo. See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003) ("If a defendant has made a timely and sufficient Apprendi[1] sentencing objection in the trial court, and so preserved his objection, we review de novo."). When a defendant preserves a Sixth Amendment error, "we must reverse unless we find this constitutional error harmless beyond a reasonable doubt, with the Government bearing the burden of proving harmlessness." Id. (citations omitted); see United States v. White, 405 F.3d 208, 223 (4th Cir. 2005) (discussing difference in burden of proving that

---

[1]Apprendi v. New Jersey, 530 U.S. 466 (2000).

error affected substantial rights under harmless error standard in Fed. R. App. P. 52(a), and plain error standard in Fed. R. App. P. 52(b)).

In United States v. Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. 738, 746, 750 (2005) (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2005) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2005) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (citing Booker, 125 S. Ct. at 756-67 (Breyer, J., opinion of the Court)).

After Booker, courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a), and impose a sentence. If a court imposes a sentence outside the guideline range, the district court must state its reasons for doing so. Hughes, 401 F.3d at 546. This remedial scheme applies to any sentence imposed under the mandatory guidelines, regardless

of whether the sentence violates the Sixth Amendment.  Id. at 547 (citing Booker, 125 S. Ct. at 769 (Breyer, J., opinion of the Court)).

Without the enhancements and without the reduction Jones received for acceptance of responsibility,[2] Jones' offense level would have been twelve and, thus, his guideline range would have been ten to sixteen months of imprisonment.  USSG Ch. 5, Pt. A (Sentencing Table).  Because the thirteen month sentence Jones received is within that guideline range, we find no Sixth Amendment error.  Evans, 416 F.3d at 300-01.

Jones also argues the district court erred in applying the federal sentencing guidelines as mandatory in violation of Booker.  Jones set forth a general objection in the district court based on Blakely.  The issue of whether a general Blakely objection raised at sentencing preserves for appellate review a claim that the district court erred in treating the guidelines as mandatory has not been decided.  However, even assuming, without deciding, that the plain error standard--the more demanding standard for Jones--applies, we find Jones' sentence under the then-mandatory guidelines is in error.  In White, we recognized that a sentence that does not violate the Sixth Amendment may involve cognizable plain error when it appears the district court would have imposed

---

[2]See United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005).

a lesser sentence if it had treated the guidelines as advisory. 405 F.3d at 223. Here, the district court announced a lower alternate sentence of five months that it might have imposed on Jones had the court not been under the now-erroneous understanding that application of the guidelines was mandatory.[3] We therefore vacate Jones' sentence and remand the case for resentencing consistent with <u>Booker</u>.

Although the sentencing guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. <u>See</u> <u>Hughes</u>, 401 F.3d at 546 (applying <u>Booker</u> on plain error review). The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. <u>Id.</u> If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000).

---

[3]Just as we noted in <u>Hughes</u>, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Jones' sentencing. <u>See generally</u> <u>Johnson v. United States</u>, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

<u>Id.</u>  The sentence must be "within the statutorily prescribed range and . . . reasonable."  <u>Id.</u> at 546-47.

Accordingly, we affirm the conviction, but vacate Jones' sentence and remand for resentencing in accordance with <u>Booker</u>.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u><br><u>VACATED IN PART, AND REMANDED</u>