**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 04-4767**

—————————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

JONATHAN LEE SHULL,

                                    Defendant - Appellant.

—————————

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Lacy H. Thornburg,
District Judge.  (CR-04-18)

—————————

Submitted:  February 10, 2006        Decided:  March 13, 2006

—————————

Before LUTTIG, MOTZ, and KING, Circuit Judges.

—————————

Vacated and remanded by unpublished per curiam opinion.

—————————

Eric A. Bach, Charlotte, North Carolina, for Appellant.  Gretchen
C. F. Shappert, United States Attorney, Charlotte, North Carolina,
Donald David Gast, Assistant United States Attorney, Asheville,
North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jonathan Lee Shull robbed two banks in North Carolina and subsequently entered into a plea agreement pursuant to which he pled guilty to two counts of bank robbery, 18 U.S.C. § 2113(a) (2000). Shull also was charged in an information with the armed robbery of a bank in Tennessee. See 18 U.S.C. § 2113(d) (2000). The Tennessee case was transferred to the Western District of North Carolina pursuant to Fed. R. Crim. P. 20, and the cases were consolidated for sentencing.

With respect to the most serious of the three crimes, the Tennessee robbery, the probation officer assigned a base offense level of 20. See U.S. Sentencing Guidelines Manual § 2B3.1(a) (2003). Two levels were added because property of a financial institution was taken. See USSG § 2B3.1(b)(1). Six levels were added because Shull used a firearm during the robbery. See USSG § 2B3.1(b)(2)(B). One level was added based on amount of loss. See USSG § 2B3.1(b)(7)(B). Finally, two levels were added for obstruction of justice because Shull escaped from custody while awaiting sentencing. See USSG § 3C1.1. His adjusted offense level was 31. The offenses were grouped. See USSG § 3D1.4. The total number of units was 2, and the offense level was accordingly increased by two, for a total offense level of 33. With a criminal history category of VI, Shull's guideline range was 235-293 months.

Shull raised a Sixth Amendment challenge to the presentence report. In particular, Shull denied using a firearm during the Tennessee robbery and contended that the probation officer had erroneously recommended the corresponding six-level enhancement to his offense level. At sentencing, the district court heard testimony on the issue, made a credibility determination against Shull, and found that the enhancement was correct.

The court sentenced Shull to 293 months for the Tennessee robbery and 240 months on each of the North Carolina robberies. The sentences run concurrently. Shull timely appealed, raising only one issue: that his sentence violates the Sixth Amendment under United States v. Booker, 543 U.S. 220 (2005).

After Shull filed his brief, the United States and Shull filed a Joint Motion to Remand for Resentencing. The parties concur that the sentence violates the Sixth Amendment under Booker and ask that the sentence be vacated and the matter remanded for resentencing.

"To establish that a Sixth Amendment error occurred in his sentencing, [Shull] must show that the district court imposed a sentence exceeding the maximum allowed based only on the facts that he admitted." See United States v. Evans, 416 F.3d 298, 300 (4th Cir. 2005). Based only on the facts that Shull admitted, his offense level would have been 30. With a criminal history category

of VI, his guideline range would have been 168-210 months. Shull's sentence of 293 months exceeds the maximum authorized by the facts he admitted. This Sixth Amendment error requires resentencing.

We accordingly grant the motion to remand, vacate the sentence, and remand for resentencing. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. Id. If that sentence falls outside the guideline range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Hughes, 401 F.3d at 546.[*]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[*]Just as we noted in Hughes, "[w]e offer no criticism of the district court judge, who followed the law and procedure in effect at the time of sentencing." Hughes, 401 F.3d at 545 n.4.