UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4692

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WARNER O'NEIL GARCIA,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (CR-03-795)

Submitted: November 30, 2005    Decided: March 28, 2006

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Alston C. Badger, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Warner O'Neil Garcia pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (2000) and was sentenced to seventy-two months of imprisonment. On appeal, Garcia alleges that he was sentenced in violation of the Sixth Amendment, citing Blakely v. Washington, 542 U.S. 296 (2004). The Blakely opinion has been extended to the Federal Sentencing Guidelines in United States v. Booker, 543 U.S. 220 (2005). For the reasons that follow, we affirm.

Garcia contends that his sentence was improperly enhanced four levels for possessing the gun in connection with another felony under U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2003). Garcia, however, has not suffered a Sixth Amendment violation because he was sentenced within the range allowable without the enhancement in question. See United States v. Evans, 416 F.3d 298, 300-01 & n.4 (4th Cir. 2005) (holding that if sentence does not exceed maximum authorized by facts admitted by defendant or found by jury there is no Sixth Amendment violation). This is because Garcia admitted to the conduct underlying his base offense level of twenty, under USSG § 2K2.1(a)(4)(A), which, with his criminal history category of V, yields a sentencing range of sixty-three to seventy-eight months. Thus, even if it was erroneous for the district court to enhance Garcia's sentence,

there has been no Sixth Amendment error because he was sentenced within the range of admitted conduct.  <u>Evans</u>, 416 F.3d at 300-01.

Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>