**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4015**

———————

UNITED STATES OF AMERICA,

                                     Plaintiff - Appellee,

     versus

LINDOYLE BRYANT, a/k/a Cubby,

                                     Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge. (CR-02-647)

———————

Submitted:  August 22, 2005        Decided:  November 1, 2005

———————

Before WILKINSON, MICHAEL, and MOTZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Jack B. Swerling, LAW OFFICES OF JACK B. SWERLING, Columbia, South Carolina, for Appellant.  J. Strom Thurmond, Jr., United States Attorney, Lee E. Berlinsky, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lindoyle Bryant was convicted by a jury of conspiracy to possess with intent to distribute five kilograms or more of cocaine (Count 1) and attempting to possess with intent to distribute five kilograms or more of cocaine (Count 2). Bryant was sentenced to 151 months of imprisonment. He timely appeals alleging that: (1) the district court erred by admitting into evidence the recordings of certain telephone conversations; (2) the court erred by admitting evidence of Bryant's prior drug dealing; (3) the court erred by holding him responsible for drug amounts in excess of ten kilograms of cocaine; and (4) his sentence is invalid in light of the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). Since Bryant's appeal, the Supreme Court has extended the reasoning of its Blakely opinion to the federal sentencing guidelines. See United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005). For the reasons that follow, we affirm.

First, we find that the district court did not abuse its discretion by admitting into evidence the recorded telephone conversations between Carl Cooper and Cecil King. See United States v. Squillacote, 221 F.3d 542, 563 (4th Cir. 2000) (stating standard of review). The recordings were admitted into evidence as statements of a coconspirator in furtherance of a conspiracy under Fed. R. Evid. 801(d)(2)(E). The Government established that a conspiracy existed, that the declarants Cooper and Bryant were

members of the conspiracy, and that the statements were made in furtherance of the conspiracy. United States v. Pratt, 239 F.3d 640, 643 (4th Cir. 2001).

Second, we find that the district court did not abuse its discretion by allowing Cooper's testimony regarding his and Bryant's prior purchases of approximately nineteen kilograms of cocaine from Floyd Hicks from late 1998 to early 2002 under Fed. R. Evid. 404(b). See United States v. Mark, 943 F.2d 444, 447 (4th Cir. 1991) (stating review standard); United States v. Tanner, 61 F.3d 231, 237 (4th Cir. 1995) (noting that a trial court's decision to admit prior acts evidence will not be overturned unless arbitrary or irrational). We find that the evidence was relevant to an issue other than character, was necessary to prove an element of the crimes charged, and was reliable; moreover, its probative value was not substantially outweighed by its prejudicial nature. United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997).

Next, Bryant alleges that the district court erred by finding him responsible at sentencing for more than the ten kilograms of cocaine sustained by the jury's verdict. We find that the district court did not clearly err in relying on the testimony of Cooper regarding the prior drug purchases from Hicks to find that Bryant was responsible for an additional nineteen kilograms of cocaine. See United States v. Lamarr, 75 F.3d 964, 972 (4th Cir. 1996) (noting that a sentencing court's approximation of the amount

of drugs for sentencing is not clearly erroneous if it is supported by competent record evidence).

Finally, Bryant alleges, for the first time on appeal, that his sentence violates the Sixth Amendment because he was held responsible at sentencing for cocaine amounts beyond those supported by the jury's verdict, i.e., quantities in excess of ten kilograms. Because Bryant failed to raise this issue in the district court, we review this claim for plain error. United States v. Harp, 406 F.3d 242, 247 (4th Cir. 2005). To establish plain error, Bryant must show that an error occurred, that the error was plain, and that the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993); United States v. White, 405 F.3d 208, 215 (4th Cir. 2005). To establish that a Sixth Amendment error occurred in his sentencing, Bryant must show that the district court imposed a sentence exceeding the maximum allowed based only on the facts that he admitted or that were established by the jury's verdict. See Booker, 125 S. Ct. at 756 (holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt"); United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005).

Bryant seeks resentencing based only on the ten kilograms of cocaine, which would give him a base offense level of 32 under U.S. Sentencing Guidelines Manual § 2D1.1(c) (2003) and, with his criminal history category of I, would give him a sentencing range of 121 to 151 months of imprisonment. Because, however, his instant 151-month sentence falls within this range, his claim fails. See United States v. Evans, 416 F.3d 298 (4th Cir. 2005) (holding there is no Sixth Amendment error when a sentence is imposed within the range allowed by facts admitted by the defendant or supported by a jury's verdict).

Accordingly, we affirm Bryant's sentence and convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED