**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4290**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RASHAAN CARDELL ROGERS,

Defendant - Appellant.

---

On Remand from the United States Supreme Court.
(S. Ct. No. 04-9515)

---

Submitted:  October 14, 2005        Decided:  November 29, 2005

---

Before NIEMEYER, MICHAEL, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

On January 4, 2005, we affirmed Rashaan Cardell Rogers' conviction. See United States v. Rogers, No. 04-4290 (4th Cir. Jan. 4, 2005) (unpublished). On May 16, 2005, the Supreme Court of the United States granted Rogers' petition for writ of certiorari, vacated this court's judgment and remanded the case to this court for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). After reconsideration, we affirm Rogers' sentence and reinstate our earlier opinion affirming his conviction.

On remand, Rogers argues that the district court violated his Sixth Amendment rights by increasing his sentence under U.S. Sentencing Guidelines Manual § 2K2.1(b)(4) (2003), on the basis of facts found by a preponderance of the evidence. A Sixth Amendment error occurs under the mandatory guidelines regime when the district court imposes a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant. Booker, 125 S. Ct. at 756. Because Rogers did not raise a Sixth Amendment challenge in the district court, review is for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).

Rogers was convicted of possession of a firearm by a convicted felon. The district court determined that the firearm at issue had an obliterated serial number and added two offense levels

under USSG § 2K2.1(b)(4). For purposes of determining <u>Booker</u> error, we consider the guideline range based on facts found by the jury before the reduction for acceptance of responsibility. <u>United States v. Evans</u>, 416 F.3d 298, 300 n.4 (4th Cir. 2005). Removing the § 2K2.1(b)(4) enhancement and the acceptance of responsibility reduction results in an offense level of 24, the identical offense level under which Rogers was sentenced. Accordingly, Rogers' sentence did not exceed the maximum authorized based on facts admitted or found by the jury and, therefore, did not violate the Sixth Amendment.

Next, Rogers contends that he was improperly sentenced under a mandatory guideline system. Because this claim was not raised below, review is for plain error. <u>United States v. White</u>, 405 F.3d 208, 215 (4th Cir. 2005). In <u>White</u>, we determined that "even in the absence of a Sixth Amendment violation, the imposition of a sentence under the former mandatory guidelines regime rather than under the advisory regime outlined in <u>Booker</u> is error." <u>Id.</u> at 216-17. However, we declined to presume prejudice, <u>id.</u> at 217-22, and instead held that the prejudice inquiry is "whether after pondering all that happened without stripping the erroneous action from the whole, . . . the judgment was . . . substantially swayed by the error." <u>Id.</u> at 223. To make this showing, a defendant must "demonstrate, based on the record, that the treatment of the guidelines as mandatory caused the district court

- 3 -

to impose a longer sentence than it otherwise would have imposed." Id. at 224.

Here, the court imposed a sentence toward the high end of the guidelines and did not make any further statements to indicate that it would have imposed a different sentence under an advisory guideline system. Therefore, as the record does not reveal a nonspeculative basis for concluding that the district court would have imposed a shorter sentence had it known it possessed discretion to do so, we hold that Rogers cannot demonstrate that the district court's error in sentencing him under a mandatory guidelines regime affected his substantial rights. See United States v. Olano, 507 U.S. 725, 734-35 (1993) (under plain error test, defendant bears burden of proving that error affected his substantial rights).

Accordingly, we affirm Rogers' sentence. In addition, we reinstate our prior opinion affirming his conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -