**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4885**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FARUQ C. A. SHAFIQ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, District Judge.  (CR-03-338)

Submitted:  February 16, 2005        Decided:  November 30, 2005

Before WILKINSON, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Frank W. Dunham, Jr., Federal Public Defender, Charles D. Lewis, Assistant Federal Public Defender, Meghan S. Skelton, Research and Writing Attorney, Richmond, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Michael J. Elston, Assistant United States Attorney, Matthew C. Ackley, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following a bench trial, Faruq C. A. Shafiq was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000) (Count One); possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (2000) (Count Two); possession of cocaine base, in violation of 21 U.S.C. § 844 (2000) (Counts Three and Eight); possession of heroin, in violation of 21 U.S.C. § 844 (Count Four); possession of marijuana, in violation of 21 U.S.C. § 844 (Count Five); and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (Count Seven). The district court sentenced Shafiq under the Federal Sentencing Guidelines to 121 months in prison. Shafiq timely appealed, challenging the calculation of his sentence under the guidelines. We affirm.

Shafiq contends that his sentence is unconstitutional in light of Blakely v. Washington, 542 U.S. 296 (2004). His claims are reviewed for plain error because they were not raised in the district court. Fed. R. Crim. P. 52(b); United States v. Harp, 406 F.3d 242, 247 (4th Cir. 2005), petition for cert. filed (July 29, 2005) (No. 05-5887). To demonstrate plain error, a defendant must establish that error occurred, that it was plain, and that it affected his substantial rights. United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005). If the defendant establishes these requirements, the court may exercise its discretion to notice the

- 2 -

error "only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 555 (internal quotation marks and citations omitted).

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory manner in which the Federal Sentencing Guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by making the guidelines advisory through the removal of two statutory provisions that had rendered them mandatory. Id. at 746 (Stevens, J., opinion of the Court); id. at 756-57 (Breyer, J., opinion of the Court).

Shafiq asserts two claims under Blakely. First, he argues that his sentence violates the Sixth Amendment because he received a two-level obstruction of justice enhancement pursuant to U.S. Sentencing Guidelines Manual § 3C1.1 (2003) for perjury when perjury was not charged in the indictment or proven beyond a reasonable doubt. Second, he claims that the court erred in calculating his criminal history score.

Addressing Shafiq's criminal history argument first, in calculating Shafiq's criminal history score, the district court

assigned six criminal history points based upon prior convictions, two criminal history points based upon the court's finding that Shafiq committed the instant offense while on probation from a conviction of driving on a suspended license, and one point because the court found that he committed the instant offense less than two years after release from an assault conviction. USSG § 4A1.1 (2003). Nine criminal history points placed Shafiq in criminal history category IV. USSG Ch. 5, Pt. A (Sentencing Table).

While not disputing the six criminal history points for prior convictions, Shafiq challenges the remaining three points, arguing that the determination of whether he committed the instant offense while on probation for one conviction and less than two years after release from another conviction involved more than the mere fact of prior convictions and therefore was subject to the requirements of <u>Blakely</u>. However, the district court's determination was based solely on information inherent in Shafiq's prior convictions; namely, the date he was released from a sentence and whether Shafiq was on probation for another offense at the time he committed the instant offense. We conclude that such information was not extraneous to the facts of Shafiq's prior convictions and therefore did not constitute factfinding in violation of the Sixth Amendment. <u>Cf.</u> <u>United States v. Thompson</u>, 421 F.3d 278, 282-83 (4th Cir. 2005).

Turning to Shafiq's claim that the district court violated his Sixth Amendment rights by enhancing his sentence for obstruction of justice, pursuant to USSG § 3C1.1, we find that Shafiq is not entitled to relief. The presentence report calculated Shafiq's guideline range to be 121 to 151 months in prison. This finding was based on an offense level of twenty-seven (based on the facts of conviction), plus a two-level increase for obstruction of justice pursuant to USSG § 3C1.1, resulting in a total offense level of 29. The district court imposed a sentence of 121 months imprisonment. Without consideration of the challenged obstruction of justice enhancement, Shafiq would have had an offense level of 27. Shafiq does not challenge the factual findings underlying his conviction and, in light of his waiver of a jury trial in favor of a bench trial, he could not realistically contend that his Sixth Amendment rights were violated by the district court's setting his offense level at 27. Without consideration of the challenged obstruction of justice enhancement and calculating his guideline range based on offense level 27 and criminal history category IV, Shafiq's guideline range would have been 100 to 125 months. USSG Ch. 5, Pt. A (Sentencing Table). The district court sentenced Shafiq to 121 months. Because this sentence does not exceed the maximum sentence that could have been imposed based on the facts of conviction found by the district court after Shafiq waived his jury right, no Sixth Amendment

violation occurred.  See United States v. Evans, 416 F.3d 298, 300-01 (4th Cir. 2005) (holding that if sentence does not exceed maximum authorized by facts admitted by defendant or found beyond a reasonable doubt, there is no Sixth Amendment violation).

Accordingly, we affirm Shafiq's convictions and sentence. Shafiq's motion to hold his appeal in abeyance pending the Supreme Court's decision in Booker is denied as moot.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED