**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-4788**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES MARQUISE AUDREY,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Graham C. Mullen, Chief District Judge.  (CR-03-128)

———————————

Submitted:  August 22, 2005          Decided:  December 7, 2005

———————————

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Mark P. Foster, Jr., NIXON, PARK, GRONQUIST & FOSTER, P.L.L.C., Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Robert J. Gleason, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Charles Marquise Audrey pled guilty to three counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2000). He was sentenced to forty-one months of imprisonment on each count, to run concurrently. For the reasons that follow, we affirm.

Audrey does not challenge his conviction. Audrey claims that the district court violated his Sixth Amendment rights by enhancing his sentence based on facts not alleged in the indictment, not admitted by Audrey, and not found by a jury beyond a reasonable doubt, in violation of United States v. Booker, 125 S. Ct. 738 (2005). Because Audrey preserved this issue by objecting to the presentence report based upon Blakely v. Washington, 542 U.S. 296 (2004), this court's review is de novo. See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003) ("If a defendant has made a timely and sufficient Apprendi[1] sentencing objection in the trial court, and so preserved his objection, we review de novo."). When a defendant preserves a Sixth Amendment error, this court "must reverse unless [it] find[s] this constitutional error harmless beyond a reasonable doubt, with the Government bearing the burden of proving harmlessness." Id. (citations omitted); see United States v. White, 405 F.3d 208, 223 (4th Cir. 2005).

---

[1]Apprendi v. New Jersey, 530 U.S. 466 (2000).

In *Booker*, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. *Id.* at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2005) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2005) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory. *See* *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005) (citing *Booker*, 125 S. Ct. at 756-67 (Breyer, J., opinion of the Court)).

After *Booker*, courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a), and impose a sentence. If a court imposes a sentence outside the guideline range, the district court must state its reasons for doing so. *Hughes*, 401 F.3d at 546. This remedial scheme applies to any sentence imposed under the mandatory guidelines, regardless of whether the sentence violates the Sixth Amendment. *Id.* at 547 (citing *Booker*, 125 S. Ct. at 769 (Breyer, J., opinion of the Court)).

- 3 -

Here, the district court sentenced Audrey under the then–mandatory federal sentencing guidelines and enhanced his base offense level of fourteen by two levels because the offense involved four firearms and an additional two levels because a firearm was stolen. The district court then applied a three-level adjustment for acceptance of responsibility, thus placing Audrey's total offense level at fifteen. Based on his criminal history category of VI, Audrey's guideline range was 41 to 51 months of imprisonment. USSG Ch. 5, Pt. A (Sentencing Table). The district court sentenced him to 41 months in prison.

Without the stolen firearm enhancement,[2] and without the reduction for acceptance of responsibility, see United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005), Audrey's offense level would have been sixteen. Audrey's guideline range would thus have been 46 to 57 months of imprisonment. USSG Ch. 5, Pt. A (Sentencing Table). Because that guideline range is higher than the 41 month sentence Audrey received, the government has met its burden of establishing that any Booker error is harmless.

---

[2]Audrey does not challenge the enhancement for the number of firearms involved. Nor would such a challenge change the outcome of this appeal. Because the indictment to which Audrey pled guilty described that the offense involved four firearms, the two-level enhancement of his base offense level on account of the number of firearms involved in his offense was properly based upon conduct to which Audrey admitted.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED