UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4871**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES E. ORR, JR.,

Defendant - Appellant.

---

On Remand from the United States Supreme Court.
(Supreme Court No. 04-7590)

---

Submitted: October 21, 2005          Decided: December 16, 2005

---

Before LUTTIG, TRAXLER, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Robert C. Stone, Jr., Martinsburg, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

A jury convicted James E. Orr, Jr., of the following offenses: (1) possession of a sawed off shotgun, in violation of 26 U.S.C. §§ 5812, 5861(b), 5871 (2000), (2) knowingly receiving and possessing a sawed off shotgun, in violation of 26 U.S.C. §§ 5812, 5861(c), 5871 (2000), and (3) knowingly receiving and possessing an unregistered sawed off shotgun, in violation of 26 U.S.C. §§ 5841, 5861(d), 5871 (2000). Orr's base offense level was eighteen. At the sentencing hearing, the district court overruled Orr's objections to the presentence report, enhanced Orr's offense level by two levels for obstruction of justice, denied Orr an adjustment for acceptance of responsibility, and denied Orr a departure for aberrant criminal behavior. Thus, Orr's total offense level was calculated to be twenty. With Orr's criminal history category of I, the guidelines range was thirty-three to forty-one months. The court imposed a sentence of thirty-three months for each count, to be served concurrently, two years of supervised release, and $300 in special assessments.

We affirmed Orr's conviction and sentence. See United States v. Orr, No. 03-4871, 2004 WL 1663996 (4th Cir. July 27, 2004) (unpublished). The Supreme Court thereafter granted Orr's petition for writ of certiorari, vacated this court's judgment and remanded to this court for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). Having reconsidered Orr's

- 2 -

sentence in light of Booker and its progeny, we affirm his conviction and sentence.

On remand, Orr asserts his sentence violated his Sixth Amendment rights in light of Booker because the district judge improperly applied the two-level enhancement for obstruction of justice based on a judicial finding that Orr committed perjury. Orr further argues that because of the perjury finding, the court erroneously denied his request for a two-level reduction based on acceptance of responsibility.

Booker applies to all cases pending on direct review at the time it was decided. United States v. Booker, 125 S. Ct. at 769 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)). Because Orr did not raise a Booker claim in the district court, his challenge to his sentence is reviewed for plain error.[1] See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). To demonstrate plain error, a defendant must establish that error occurred, that it was plain, and that it affected his substantial rights. United States v. Olano, 507 U.S. 725, 731-32 (1993);

---

[1]Although both Orr and the Government assert that the Booker issue is preserved for appellate review, we conclude that Orr's objection to the application of the obstruction enhancement, which was based on the asserted lack of evidentiary support for that enhancement, did not preserve a claim that his sentence violated his Sixth Amendment rights. However, even if we agreed that Orr's objection to the perjury enhancement in the district court properly preserved his Booker claim on appeal, the circumstances of this case would nevertheless dictate a conclusion that resentencing is not required because Orr's Sixth Amendment rights were not infringed.

- 3 -

<u>Hughes</u>, 401 F.3d at 547-48. If a defendant establishes these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." <u>Hughes</u>, 401 F.3d at 555 (internal quotation marks and citation omitted).

In <u>Booker</u>, the Supreme Court held that the mandatory guidelines scheme, which provided for sentence enhancements based on facts found by the court rather than the jury, violated the Sixth Amendment. The Court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review under the guidelines, thus making the guidelines advisory. 125 S. Ct. at 746-48, 755-56 (Stevens, J.); 125 S. Ct. at 756-57 (Breyer, J.). Subsequently, in <u>Hughes</u>, this court held that a sentence that was imposed under the pre-<u>Booker</u> mandatory sentencing scheme and was enhanced based on facts found by the court, and not found by a jury or admitted by the defendant, constitutes plain error that affects the defendant's substantial rights. Under <u>Booker</u>, resentencing is warranted when the sentence "exceed[s] the maximum allowed based on the facts found by the jury alone" and the record does not disclose what discretionary sentence the district court would have imposed under an advisory guideline scheme. <u>Hughes</u>, 401 F.3d at 546-47, 556.

Here, the court's finding that Orr committed perjury subjected Orr to a two-level enhancement.[2] Without this enhancement, Orr's offense level would have been eighteen. With a criminal history category of I, the corresponding guidelines range is twenty-seven to thirty-three months. Orr's actual sentence of thirty-three months thus does not exceed the maximum allowed based on the facts found by the jury alone. Accordingly, because the sentence imposed on Orr did not violate his Sixth Amendment rights, as recognized in Booker, resentencing is not warranted.

We therefore affirm Orr's conviction and sentence. We deny Orr's motion for release pending appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2]In determining whether Sixth Amendment error occurred, the sentence imposed must be compared to the permissible guideline range before adjusting for acceptance of responsibility. See United States v. Evans, 418 F.3d 298, 301 n.4 (4th Cir. 2005). As a result, the fact that Orr did not receive a three-level reduction for responsibility is not considered in the analysis of whether resentencing is warranted.