**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4117**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES LESTER PENNIEGRAFT,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., District Judge. (CR-03-454)

Submitted: March 15, 2006            Decided: April 20, 2006

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Bruce A. Lee, BRUCE A. LEE, P.A., Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Lester Penniegraft pled guilty to conspiracy to commit loan, mail, wire, and bank fraud, in violation of 18 U.S.C. § 371 (2000). He was sentenced to sixty months in prison. He now appeals. We affirm.

Penniegraft claims that his sixty month sentence violates the rule announced in United States v. Booker, 543 U.S. 220 (2005). Because Penniegraft raised this Sixth Amendment claim below, our review is de novo. See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003).

Penniegraft's base offense level was six. See U.S. Sentencing Guidelines Manual § 2B1.1(a)(2) (2004). At sentencing, the parties stipulated that: the amount of loss was more than $200,000 and not more than $400,000, for a twelve-level increase in Penniegraft's offense level, see USSG § 2B1.1(b)(1)(G); the offense involved ten or more victims, for an increase of two levels, see USSG § 2B1.1(b)(2)(A); and Penniegraft was an organizer or leader of the conspiracy, for a four-level increase, see USSG § 3B1.1(a). The court determined that Penniegraft had abused a position of trust and increased the offense level by two levels, see USSG § 3B1.3. Penniegraft's adjusted offense level therefore was 26. He received a three-level adjustment for acceptance of responsibility, see USSG § 3E1.1(b), for a total offense level of 23. Penniegraft's criminal history category was III. His

resulting guideline range was 57-71 months. Because of the statutory maximum penalty of five years, see 18 U.S.C. § 371, the range became 57-60 months.

Penniegraft claims that the enhancement for abuse of position of trust violates the Sixth Amendment under Booker. Without the enhancement, Penniegraft's adjusted offense level would have been 24, and his guideline range would have been 63-78 months in prison. Because Penniegraft's sixty-month sentence does not exceed the maximum penalty authorized by the facts to which he stipulated, there was no Sixth Amendment violation requiring resentencing. See United States v. Evans, 416 F.3d 298, 300 (4th Cir. 2005).

We accordingly affirm Penniegraft's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED