**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4066**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GRAHAM MCDOUGLAS REAMS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., District Judge. (CR-04-301)

Submitted: April 12, 2006                    Decided: May 1, 2006

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Michael Augustus DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Graham McDouglas Reams, Jr., pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). He was sentenced to seventy-four months in prison. He now appeals, arguing that his sentence violates the Sixth Amendment under United States v. Booker, 543 U.S. 220 (2005). We vacate the sentence and remand for resentencing.

Prior to Reams' arraignment, the parties filed somewhat conflicting documents with the court. In Reams' "Acceptance of Responsibility," he admitted to being a convicted felon and to having a pistol with him when his vehicle was stopped on February 29, 2004. Reams stated that he made no other admissions regarding the offense. According to a "Factual Basis" filed by the United States, Reams was arrested following a traffic stop on February 29. The arresting officer detected a strong smell of marijuana in Reams' vehicle and noticed a plastic sandwich bag inside the driver's side door handle. The officer retrieved that bag and a second bag, each of which appeared to the officer to contain crack cocaine. Reams was arrested. Incident to the arrest, the officer recovered a handgun from Reams' person. Reams indicated to officers that the bags should contain two and one-half grams of crack. Only attorneys for the Government signed the Factual Basis.

The court accepted Reams' guilty plea. Because Reams possessed the firearm in connection with the commission of another offense, the probation officer applied the cross reference set forth at U.S. Sentencing Guidelines § 2K2.1(c)(1) (2003). The probation officer determined that the amount of crack constituting relevant conduct was six grams--the 2.5 grams referenced in the Factual Basis and another 3.5 grams discovered on Reams' person during a March 29, 2004 traffic stop.[1] The base offense level was 26, see USSG § 2D1.1(c)(7). Two levels were added because Reams possessed a firearm in connection with the offense, see USSG § 2D1.1(b)(1), for an adjusted offense level of 28. Three levels were subtracted for acceptance of responsibility, see USSG § 3E1.1(b). His total offense level was 25. Reams' criminal history category was III. His guideline range therefore was 70-87 months. The court sentenced Reams to seventy-four months in prison.

Reams argues that his sentence violates the Sixth Amendment under United States v. Booker, 543 U.S. 220 (2005). He contends that the district court erroneously applied the cross reference based on the fact that he had possessed crack. Reams

---

[1]Count Two of the indictment charged Reams with being a felon in possession of a firearm March 29, 2004. According to the presentence report, officers discovered Reams in possession of a firearm and 3.5 grams of crack on that date. Count Two was dismissed as part of the plea agreement, but the probation officer included the weight of the crack from both February 29 and March 29 when determining relevant conduct.

states that this fact was neither charged in the indictment nor admitted by him. The United States agrees that there was a Booker error and that we must vacate Reams' sentence and remand for resentencing. Because Reams preserved this issue, our review is de novo. See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003).

The transcript of the guilty plea proceeding has not been made part of the record on appeal. Assuming that Reams correctly states that he has never admitted possessing crack with the firearm, the cross reference should not have been applied. Without the enhancement, Reams' adjusted offense level would have been 14, and his guideline range would have been 21-27 months in prison. Because his seventy-four-month sentence exceeds the maximum penalty authorized by the admitted facts, there was a Sixth Amendment violation requiring resentencing. See United States v. Evans, 416 F.3d 298, 300 (4th Cir. 2005).[2]

We accordingly vacate the sentence and remand for resentencing. We dispense with oral argument because the facts and

---

[2]If Reams agreed at the guilty plea proceeding that he possessed 2.5 grams of crack in connection with the firearm offense, as the Government states in the Factual Basis, and the cross reference applied, resentencing also would be required. His base offense level in that case would be 20, see USSG § 2D1.1(c)(10), and two levels would be added for possession of a firearm, see USSG § 2D1.1(b)(1), for an adjusted offense level of 22. The guideline range for offense level 22, criminal history category III, is 51-63 months. Under Evans, Reams' seventy-four-month sentence violates the Sixth Amendment, and resentencing would be required.

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>