UNITED STATES of America,
Plaintiff—Appellee,

v.

Jimmy Richard HUSBAND,
Defendant—Appellant.

No. 03–4630.

United States Court of Appeals,
Fourth Circuit.

Submitted: Feb. 17, 2006.

Decided: May 31, 2006.

Marcia G. Shein, Decatur, Georgia, for Appellant. Paul J. McNulty, United States Attorney, Michael C. Moore, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In April 2003, Jimmy Richard Husband pled guilty to eight counts of sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2251(a), (d) (1994). The district court sentenced Husband to eighty-seven months of imprisonment on each of the eight counts and ordered that the terms be served consecutively, for a total of 696 months. We affirmed his convictions and sentence. *United States v. Husband,* 119 Fed.Appx. 475 (4th Cir.2005). Husband filed a petition for writ of certiorari in the Supreme Court. On October 3, 2005, the Supreme Court granted the petition, vacated this court's judgment, and remanded for further consideration in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See Husband v. United States,* —— U.S. ——, 126 S.Ct. 322, 163 L.Ed.2d 30 (2005). For the reasons discussed below, we affirm Husband's convictions and sentence.

On remand, we consider whether, in light of the Supreme Court's decision in *Booker,* the district court violated Husband's Sixth Amendment rights by enhancing his sentence based on facts not admitted by him or proven to a jury beyond a reasonable doubt. In *Booker,* the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court, by a preponderance of the evidence, violated the Sixth Amendment. 543 U.S. at 233–34, 125 S.Ct. 738 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp.2005) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp.2005) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory. *Id.* at 245–46, 125 S.Ct. 738. (Breyer, J., opinion of the Court). Because Husband did not object to his sentence below on *Booker*-type grounds, this court reviews for plain error. *See* Fed.R.Crim.P. 52(b); *United States v. Hughes,* 401 F.3d 540, 547–48 (4th Cir.2005)

We first find that the two-level enhancement imposed on all eight counts pursuant to *U.S. Sentencing Guidelines Manual* ("USSG") § 2G2.1(c)(1) (1995) be-

cause the defendant was a parent of the minor involved in the offenses was not improper under *Booker* as Husband has admitted that the victim was his adopted daughter.

Although it not clear from our review of the record that Husband admitted that counts one through four involved a minor under the age of sixteen, we nonetheless uphold the two-level enhancement imposed pursuant to USSG § 2G2.1(b)(1) under the reasoning set forth in *United States v. Evans*, 416 F.3d 298 (4th Cir.2005). In *Evans*, we determined whether Sixth Amendment error occurred by considering what guideline range applied "based on the facts [the defendant] admitted before adjusting that range for acceptance of responsibility." *Id.* at 300–01 & n. 4. Under this analysis, without this two-level enhancement and before any reduction for acceptance of responsibility, Husband's offense level would still have been twenty-seven and his guideline range would have remained seventy to eighty-seven months. We therefore discern no Sixth Amendment error.

We next address Husband's argument that the district court imposed consecutive sentences, which constructively amounted to an upward departure, based on findings of specific conduct that were neither admitted by him nor proven to a jury beyond a reasonable doubt. In our original decision, we held that the district court could not run Husband's sentences consecutively absent a departure and concluded that an upward departure was not granted by the district court. We concluded, however, that any error did not affect Husband's substantial rights because "if we were to remand, the court undoubtedly *would* grant an upward departure and sentence Husband to precisely the same 696–month sentence that he has now." *United States*

*v. Husband,* 119 Fed.Appx. 475, 484–85 (4th Cir.2004) (unpublished).

■ We now reconsider whether Husband may establish plain error in light of *Booker.* This court has held that the prejudice inquiry in the case of a Sixth Amendment violation under *Booker* "is whether the district court could have imposed the sentence it did without exceeding the relevant Sixth Amendment limitation." *Hughes,* 401 F.3d at 550. Based on our review of the record, we find that the facts relied on by the district court in stating that an upward departure would be warranted in this case were largely either admitted by Husband through his agreement to the Government's proffer at his Fed.R.Crim.P. 11 colloquy or contained in the indictment. Because we conclude that the district court could have imposed the same sentence without exceeding the relevant Sixth Amendment limitation, we continue to find that the error in issuing consecutive sentences did not affect Husband's substantial rights.

Finally, we consider whether the district court erred in treating the sentencing guidelines as mandatory in determining Husband's sentence. In *United States v. White,* 405 F.3d 208 (4th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 668, 163 L.Ed.2d 539 (2005), we held that treating the guidelines as mandatory was error and that the error was plain. *Id.* at 216–17. We noted, however, that in order for a defendant to show that the error affected his substantial rights, he must "demonstrate, based on the record, that the treatment of the guidelines as mandatory caused the district court to impose a longer sentence than it otherwise would have imposed." *Id.* at 224. We have reviewed the record and find no nonspeculative basis on which to conclude that the district court would have sentenced Husband to a lesser sentence had it proceeded under an adviso-

**372**

ry guideline regime. Thus, we find that Husband has failed to demonstrate that the plain error in sentencing him under a mandatory guidelines scheme affected his substantial rights.

Accordingly, we affirm Husband's sentence. Because the Supreme Court's remand order does not affect our rejection in our prior opinion of Husband's claims that the statute of limitations had expired, that his plea was not knowing and voluntary, that there was no adequate basis for accepting his plea, and that he received ineffective assistance of counsel, we continue to affirm Husband's convictions for the reasons set forth in the prior opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*