**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 02-4877**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ERIC MARTIN VAN BUREN,

Defendant - Appellant.

---

On Remand from the Supreme Court of the United States.
(S. Ct. No. 04-5830)

---

Submitted: May 31, 2006          Decided: July 14, 2006

---

Before WILKINS, Chief Judge, and NIEMEYER and TRAXLER, Circuit
Judges.

---

Affirmed by unpublished per curiam opinion.

---

David L. Heilberg, MARTIN & RAYNOR, P.C., Charlottesville,
Virginia; Peter R. Roane, Charlottesville, Virginia, for Appellant.
John L. Brownlee, United States Attorney, Ray B. Fitzgerald, Jr.,
Assistant United States Attorney, Charlottesville, Virginia, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Eric Martin Van Buren appealed the district court's judgment entered pursuant to his conviction for conspiracy to possess with intent to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). We affirmed. Thereafter, the Supreme Court vacated our decision and remanded for further consideration in light of its decision in United States v. Booker, 543 U.S. 220 (2005). After conducting this review, we again affirm.

Van Buren contends that the district court improperly sentenced him when it imposed a sentence greater than the maximum authorized by the facts found by the jury alone in violation of Booker. Because he failed to raise this claim below, we review it for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). To meet the plain error standard: (1) there must be an error; (2) the error must be plain; and (3) the error must affect substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). If the three elements of the plain error standard are met, the court may exercise its discretion to notice error only if the error seriously affects "the fairness, integrity, or public reputation of judicial proceedings." Id. at 736 (citation omitted).

The jury convicted Van Buren pursuant to an indictment charging involvement with fifty or more grams of cocaine base. At

sentencing, the district court held Van Buren accountable for 205 kilograms of cocaine base for a base offense level of thirty-eight under U.S. Sentencing Guideline Manual § 2D1.1(c)(1) (2004). The district court added two offense levels each for possession of a firearm during the course of the drug conspiracy, organizing the conspiracy, and obstruction of justice under USSG §§ 2D1.1(b)(1), 3B1.1(c), and 3C1.1. The district court assigned Van Buren a total offense level of forty-four and a criminal history category of III, resulting in a guideline range of life imprisonment. The district court sentenced Van Buren to life imprisonment.

The Presentence Investigative Report (PSR) recommended a drug quantity of 205 kilograms of cocaine base, far in excess of the 1.5 kilograms required for a base offense level of thirty-eight under USSG § 2D1.1(c)(1). Van Buren's counsel did not object to the PSR, nor did he object to the quantity at sentencing. Van Buren filed a pro se objection to the 205 kilogram drug quantity, arguing that the testimony at trial did not support such a finding. According to Van Buren, the largest quantity of crack that could have been attributed to him based on the evidence at trial was no more than 181 kilograms. By arguing for a drug quantity substantially higher than 1.5 kilograms, it is arguable that Van Buren implicitly admitted the facts necessary for a base offense level of thirty-eight and no reversible Booker error existed.

Even if Van Buren did not admit a higher drug quantity, the evidence of drug quantity was overwhelming and essentially uncontroverted. In <u>United States v. Cotton</u>, 535 U.S. 625 (2002), the Supreme Court held that when the evidence of the necessary drug quantity was overwhelming and essentially uncontroverted, there was no basis to conclude the error seriously affected the fairness, integrity, or public reputation of judicial proceedings on plain error review. <u>Id.</u> at 633; <u>United States v. Smith</u>, 441 F.3d 254, 272 (4th Cir. 2006). At trial, Richard Shirley testified that Van Buren supplied him with large quantities of cocaine base to sell, usually between one-half kilogram and one kilogram, on a weekly basis for nearly three years. Roy Samuels testified that Van Buren provided him with cocaine base on a regular basis for approximately one year; Samuels estimated that Van Buren supplied him with a total of four or five kilograms over the course of that year. Another cocaine base dealer, Paul Brown, testified that he generally received from Van Buren one-half kilogram of cocaine base every three to four days over a two-year period. This testimony was only part of the overwhelming and essentially uncontroverted evidence that put Van Buren far in excess of the 1.5 kilograms of cocaine base necessary to trigger the application of a base offense level of thirty-eight. Accordingly, we decline to find that the district court committed reversible error under <u>Booker</u> when it sentenced Van Buren using a drug quantity of over 1.5 kilograms.

The PSR also recommended a two offense level enhancement under USSG § 3B1.1(c) for a leadership role in the conspiracy. Numerous witnesses testified that Van Buren obtained the cocaine base for sale and recruited others, including his brother, to sell the drugs on the street. The evidence of his leadership role was also overwhelming and essentially uncontroverted. There was no basis to conclude the district court's application of the leadership role enhancement seriously affected the fairness, integrity, or public reputation of judicial proceedings on plain error review. See Cotton, 535 U.S. at 633; Johnson v. United States, 520 U.S. 461, 468-70 (1997); and Smith, 441 F.3d at 272. The district court did not commit reversible error under Booker when it sentenced Van Buren using an enhancement for his leadership role.

The PSR recommended a two offense level enhancement under USSG § 2D1.1(b)(1) because Van Buren carried a firearm during the course of the conspiracy and a two offense level enhancement under USSG § 3C1.1 for obstruction of justice for perjurious testimony and providing law enforcement false information. Even assuming these enhancements were, viewed in isolation, improper, we find no reversible error. Without those offense level increases, Van Buren's total offense level would be forty. He had a criminal history category of III, resulting in a guideline range of 360 months to life imprisonment. Because Van Buren's life imprisonment

sentence could have been imposed even absent the improper enhancements, such enhancements did not violate the Sixth Amendment.  <u>See</u> <u>United States v. Evans</u>, 416 F.3d 298, 300-01 (4th Cir. 2005).

The district court's treatment of the sentencing guidelines as mandatory also does not require resentencing.  While the district court erred in treating the guidelines as mandatory, <u>see</u> <u>United States v. Hughes</u>, 401 F.3d 540, 547-48 (4th Cir. 2005), we have held that in the plain error context, the error of sentencing under the mandatory guidelines regime does not warrant a presumption of prejudice.  <u>United States v. White</u>, 405 F.3d 208, 224 (4th Cir. 2005).  Van Buren cannot satisfy the prejudice requirement of the plain error standard.  Nothing in the record suggests the error in applying the guidelines as mandatory affected the court's ultimate determination of Van Buren's sentence or affected Van Buren's substantial rights.

Accordingly, we grant Van Buren's motion to file a pro se supplemental brief, deny his motion to remand, and affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>