**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4704

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRY MCCRAY, a/k/a Harry J. Chick,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, District Judge. (CR-03-162)

Submitted: June 28, 2006

Decided: July 21, 2006

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Daphne A. Burns, DAPHNE A. BURNS, L.L.C., Mount Pleasant, South Carolina, for Appellant. Jonathan S. Gasser, Jr., United States Attorney, Robert H. Bickerton, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Terry McCray pled guilty pursuant to a plea agreement to conspiracy to distribute five kilograms or more of cocaine and a quantity of marijuana, in violation of 21 U.S.C. § 846 (2000). He now appeals his 120-month sentence, arguing that it violates United States v. Booker, 543 U.S. 220 (2005), and that his attorney was ineffective. We affirm.

Although McCray admitted responsibility for only 3.5 kilograms of cocaine, his probation officer prepared a presentence report (PSR) that assigned McCray a base offense level of 32, based on the conclusion that he was responsible for at least five kilograms of the drug. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(4) (2003). Three levels were subtracted for acceptance of responsibility, see USSG § 3E1.1(a), (b). With a total offense level of 29 and a criminal history category of I, McCray's guideline range was 87-108 months. He was, however, subject to a mandatory statutory minimum of ten years in prison. See 21 U.S.C. § 841(b)(1)(A) (West 1999 & Supp. 2006). The district court sentenced McCray to 120 months in prison.

McCray first contends on appeal that his sentence violates the Sixth Amendment under Booker, Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000), because it was based on a fact--that he was responsible for five kilograms or more of cocaine--found by the district court,

rather than found by a jury or admitted by him.  Because he did not raise this claim below, our review is for plain error.  See United States v. Olano, 507 U.S. 725, 732 (1993).

We discern no error in this case because the district court did not "impose a sentence exceeding the maximum allowed based only on facts [McCray] admitted."  See United States v. Evans, 416 F.3d 298, 300 (4th Cir. 2005).  Based on the fact-- responsibility for no more than 3.5 kilograms of cocaine-- McCray admitted before adjusting the guideline range for acceptance of responsibility, see id. at 300 n.4, McCray's total offense level would have been 30, and his guideline range would have been 97-121 months.  Because his sentence of 120 months does not exceed the maximum authorized by the facts he admitted, there was no Sixth Amendment violation.  See id. at 300.

McCray also contends that defense counsel was ineffective for not raising the Sixth Amendment issue.  Ordinarily, a defendant must raise a claim of ineffective assistance in a 28 U.S.C. § 2255 (2000) motion, rather than on direct appeal, unless it conclusively appears from the record that counsel was ineffective.  United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).  McCray has not made the required showing and may not raise his ineffectiveness claim on appeal.

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in

the materials before the court and argument would not aid the decisional process.

AFFIRMED